IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
APRIL 1998

FILED

**April 22, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 02C01-9706-CR-00225 |
| | ) | |
| Appellee, | ) | SHELBY COUNTY |
| | ) | |
| v. | ) | HON. JOSEPH B. DAILEY, |
| | ) | JUDGE |
| SIDNEY AND DONALD | ) | |
| MCGLOWAN, | ) | (Burglary and Theft of |
| | ) | Property) |
| Appellants. | ) | |

For the Appellants:

Walker Gwinn
Assistant Public Defender
Memphis, Tennessee
(Defendant Sidney McGlowan)

Thomas C. Fila
Memphis, Tennessee
(Defendant Donald McGlowan)

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
Nashville, Tennessee

John W. Pierotti
District Attorney General
Memphis, Tennessee

Terrell Harris
Assistant District Attorney General
Memphis, Tennessee

OPINION FILED: _____

AFFIRMED

William M. Barker, Special Judge

**OPINION**

The appellants, Sidney McGlowan and Donald McGlowan, appeal as of right from their convictions in Shelby County Criminal Court.[1] Both appellants were convicted of burglary of a building and theft of property with a value greater than $1,000 but less than $10,000. See Tenn. Code Ann. §§39-14-402 (1997) & 39-14-103 (1997). Appellant Sidney McGlowan was sentenced to serve two concurrent sentences of twelve years, as a career offender. The court sentenced appellant Donald McGlowan to serve two concurrent sentences of six years.

On appeal, appellants each raise the following two issues: (1) whether the trial court properly denied Sidney McGlowan's motion for a severance; and (2) whether the trial court properly denied their motion to suppress evidence. In addition, appellant Sidney McGlowan argues that the evidence is insufficient to sustain his conviction. Our review of the record reveals that no reversible error was committed in the trial court. Accordingly, we affirm the appellants' convictions and sentences.

### BACKGROUND

During the early morning hours of July 25, 1995, Officers Joseph Boerner and James McCluskey, of the Memphis Police Department, were driving westbound on Deerskin Road. Officer McCluskey was following Officer Boerner in a separate patrol car. Between approximately 2:30 a.m. and 2:50 a.m., the officers saw an approaching car turn off its headlights. The car continued moving for twenty yards, without headlights, until it turned into the driveway at 615 Deerskin Road. This behavior caused the officers to become suspicious. The officers turned on their patrol car's blue lights and pulled up to the house.

After stopping their car, both appellants exited the vehicle and walked quickly toward the residence. The officers stopped the appellants before they entered the house. Officer Boerner questioned Donald while Officer McCluskey questioned Sidney. Officer Boerner asked Donald to show him his driver's license. In reply,

---

[1] Sidney and Donald McGlowan are brothers. For clarity, we will refer to them either by their first names or their full names.

Donald admitted that he did not have a license in his possession. Officer Boerner subsequently arrested Donald for driving without a license and placed him in the back of his patrol car.

While Officer McCluskey was speaking with Sidney, he noticed a clear plastic bag sitting on the passenger seat of the vehicle. The bag contained seven miniature televisions with price tags attached to them. Sidney initially told Officer McCluskey that he had gotten the televisions from a friend who lived down the street. However, he later stated that he acquired the televisions by trading cocaine for them.

Officer McCluskey then called the dispatcher, who reported that seven televisions had been stolen from McDuff Electronics earlier that evening. A search of the trunk revealed four camcorders with McDuff Electronics price tags hanging on them. Based on the foregoing, the officers also arrested Sidney McGlowan.

The appellants were thereafter indicted for one count of burglary of a building and two counts of theft of property with a value more than $1,000 but less than $10,000. Before trial, both appellants filed a motion to suppress evidence. The trial court denied the motions to suppress. It also denied Sidney McGlowan's motion for severance of the appellants.

At the suppression hearing, the appellants testified that they were drinking beer in their yard at Deerskin Road when the officers approached them. Both appellants testified that Sidney had not been in the car that night. Donald said that he purchased the televisions from a man down the street.

## ANALYSIS

Appellants first contend that the trial court improperly denied the motion to sever the proceedings. Appellant Sidney McGLowan contends that he was found guilty by association because both appellants have the same last name and live in the same house. However, he does not identify any prejudicial use of evidence during the joint trial. Appellant Donald McGlowan argues that he was prejudiced by antagonistic

3

defenses and was forced to defend himself against his co-defendant as well as the State. The record does not reflect any such antagonistic defense or "finger pointing" from his co-defendant. Donald further argues that during opening and closing arguments, Sidney's counsel stated that Donald was solely responsible for the crime. However, these arguments do not appear in the record before us, which precludes our review. Tenn. R. App. P. 24(g); State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993) (citations omitted).

Tennessee Rules of Criminal Procedure 14(c)(2)(i) and (ii) provide that a trial court shall grant a motion to sever if deemed appropriate to promote or achieve a fair determination of the guilt or innocence of one or more of the defendants. The trial court possesses substantial discretion to grant or deny a motion for severance and its decision will not be reversed absent a showing of prejudice. State v. Hutchinson, 898 S.W.2d 161, 166 (Tenn. 1994). Moreover, "mere hostility between defendants, attempts to cast the blame for the offense on each other, or other 'finger pointing and tattling will not, standing alone, justify the granting of [a] severance on the ground the defendants' respective defenses are antagonistic.'" State v. Mabry, 1992 Tenn. Crim. App. LEXIS 535, C.C.A. No. 01C01-9112-CC-00369, Davidson County (Tenn. Crim. App., Nashville, June 19, 1992), perm. to appeal denied (Tenn. 1992) (quoting United States v. Arruda, 715 F.2d 671, 679 (1st Cir. 1983)). The record must show that the appellants were clearly prejudiced to the point that the granting of severance became a judicial duty. State v. Burton, 751 S.W.2d 440, 447 (Tenn. Crim. App. 1988). Appellants have failed to demonstrate any prejudice resulting from the denial of the motion for severance.

We are of the opinion the trial court did not abuse its discretion in denying the motion for a severance. This issue is without merit.

In their second issue, appellants argue that the trial court erred in denying their motions to suppress all evidence obtained as a result of an investigatory stop and

4

search of the vehicle.[2]  Following a review of the record and applicable law, we conclude that the trial court did not err in denying the motions to suppress.

Initially, we note that appellant Sidney McGlowan does not have standing to challenge the search and seizure of appellant Donald's car.  One who challenges the reasonableness of a search or seizure has the burden of establishing a legitimate expectation of privacy in the place or property searched.  Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); State v. Roberge, 642 S.W.2d 716, 718 (Tenn. 1982).  Appellant Sidney has failed to establish that he had a legitimate expectation of privacy in appellant Donald's car.  Therefore, we conclude that appellant Sidney has no standing to object to the search and seizure.  His motion to suppress was properly overruled.

Appellant Donald first contends that the investigatory stop of his vehicle was an unconstitutional seizure within the meaning of the Fourth Amendment.  To make an investigatory stop, an officer must, at minimum, have a reasonable suspicion, based upon specific articulable facts, that a criminal offense has been or is about to be committed.  See Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); State v. Watkins, 827 S.W.2d 293, 294 (Tenn. 1992).  To determine the specific and articulable facts, the Court must consider the "totality of the circumstances."  Watkins, 827 S.W.2d at 294 (citation omitted).  This includes, but is not limited to, objective observations, information obtained from other police officers, and the rational inferences and deductions that a trained police officer may draw from the facts and circumstances.  Id.

At approximately 2:30 a.m. to 2:50 a.m., Officers Boerner and McCluskey saw the appellant's car driving toward them on Deerskin Road.  As the car approached the officers, the driver turned the automobile's head lights off and continued driving for an

---

[2] Neither party has elected to argue that the contraband in the front seat of the car came within the "plain view" doctrine.  We also have elected to not address that doctrine since the search was clearly justified as being a search incident to a lawful arrest.

5

additional twenty yards before turning into a driveway of a house. Both appellants exited the vehicle and walked toward the house at a quick pace. Because of the suspicious nature of the appellants' behavior, the officers pulled up to the house to question the appellants. Considering the "totality of the circumstances," we agree with the trial court that the officers had a reasonable suspicion, supported by specific and articulable facts, that the appellants were committing or about to commit a criminal offense. Therefore, we find no merit in the appellant's contention that he was subjected to an unconstitutional stop.

Appellant Donald next contends that the search of his automobile was an unconstitutional search which violated his Fourth Amendment protection against unreasonable searches and seizures and, as a result, the trial court should have granted his motion to suppress the evidence obtained in the search. The analysis of any warrantless search must begin with the proposition that such searches are presumed unreasonable under the Fourth Amendment of the United States Constitution and Article I, Section 7 of the Tennessee Constitution. This presumption against the lawfulness of warrantless searches is subject only to a few specifically established exceptions. See Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967); State v. Tyler, 598 S.W.2d 798, 801 (Tenn. Crim. App. 1980). Before the fruits of a warrantless search are admissible as evidence, the State must establish by a preponderance of the evidence that the search falls into one of those limited exceptions to the warrant requirement. State v. Shaw, 603 S.W.2d 741, 742 (Tenn. Crim. App. 1980).

One such exception is a search incident to a lawful arrest. When an officer makes a custodial arrest of a motor vehicle operator, the officer has full authority to search the passenger compartment of the motor vehicle contemporaneously to the arrest. New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768, 775 (1990); Watkins, 827 S.W.2d at 295-96. The "contemporaneous" requirement of the search is not destroyed when a defendant is placed in a patrol car. United States

6

v. White, 871 F.2d 41, 44 (6th Cir. 1989); Watkins, 827 S.W.2d at 296.

A driver is required to have a valid operator's license in his immediate possession at all times. Tenn. Code Ann. §55-50-351 (1998). Failure to have possession of a driver's license is a Class C misdemeanor, and any law enforcement officer is empowered to arrest any person found violating the statute. Id. Appellant Donald does not dispute the fact that he did not have a driver's license in his possession when Officer Boerner requested him to produce it. Immediately after Officer Boerner discovered that Donald had been driving without a license, he arrested him, handcuffed him and placed him in the back of his patrol car. Thus, Donald had been lawfully arrested prior to the search of the vehicle. After Officer Boerner made a valid custodial arrest of the appellant, he had a right to search the passenger compartment of the appellant's vehicle. The stolen property discovered as a result of this search was admissible.

This court must next determine whether the search of the trunk of the vehicle was valid. An automobile may be searched without a warrant if the officer has probable cause to believe that the vehicle contains contraband and if exigent circumstances require an immediate search. Carroll v. United States, 267 U.S. 132, 149, 155-56, 69 L.Ed.2d 543, 45 S.Ct. 280 (1925); State v. Leveye, 796 S.W.2d 948 (Tenn. 1990). If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle, including the trunk area. United States v. Ross, 456 U.S. 798, 72 L.Ed.2d 572, 102 S.Ct. 2157 (1982). The discovery of the televisions coupled with the dispatcher's report regarding the recent burglary at McDuff's Electronics provided the officers with probable cause to believe that the vehicle contained additional stolen property.

The mobility of the vehicle itself supplied the requisite exigent circumstances to conduct a warrantless search. Shaw, 603 S.W.2d at 744. There was a substantial risk that the vehicle or the contraband would have been removed if the officers had left the scene to procure a search warrant. Though it would have been impossible for

7

Donald to move the vehicle or the contents of its trunk since he had been arrested, his brother, Sidney, was in a position to remove the vehicle and its contents. Given these facts, we conclude that the police officers acted reasonably under the circumstances and the search of the trunk area of the car was supported by probable cause and exigent circumstances. For the reasons given, the evidence does not preponderate against the trial court's denial of the appellant's motion to suppress.

In appellant Sidney McGlowan's final issue, he contends that the evidence was insufficient to support his conviction.[3] Specifically, he argues that the fact he was a passenger in a vehicle carrying recently stolen goods is not sufficient evidence to support a conviction for burglary and theft of property.

An appellant challenging the sufficiency of the evidence has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the appellant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In our review, we must consider the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record, as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Criminal conduct may be established exclusively by circumstantial evidence. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987). However, the circumstantial

---

[3] Appellant Donald McGlowan does not challenge the sufficiency of the evidence.

8

evidence "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant, and that beyond a reasonable doubt." State v. Crawford, 470 S.W.2d 610, 612 (Tenn. 1971). The trier of fact decides the weight to be given to circumstantial evidence and to the inferences drawn from such evidence, and the extent to which such circumstances are consistent with guilt and inconsistent with innocence. See Marable v. State, 313 S.W.2d 451,457 (Tenn. 1958); State v. Coury, 697 S.W.2d 373, 377 (Tenn. Crim. App. 1985).

One may be convicted for theft of property if the State proves that with the intent to deprive the owner, the defendant knowingly obtained or exercised control over property without the owner's consent. See Tenn. Code Ann. §39-14-103 (1997). To sustain a conviction for burglary, the State must prove beyond a reasonable doubt that the accused entered a building with an intent to commit a felony, theft or assault and committed or attempted to commit a felony, theft or assault. See Tenn. Code Ann. §39-14-402 (1997). The State is not required to produce a witness who saw the defendants break and enter the premises in order to convict them of burglary. Ramsey v. State, 571 S.W.2d 822, 824 (Tenn. 1978). Unexplained possession of recently stolen property is sufficient evidence to sustain a burglary conviction. Smart v. State, 544 S.W.2d 109, 110-111 (Tenn. Crim. App. 1976).

At trial, the evidence showed that at approximately 2:10 a.m., a burglary was reported at McDuff Electronics. Seven mini-televisions and four camcorders were stolen from the store. Sometime between 2:30 a.m. and 2:50 a.m., Officers Boerner and McCluskey observed the appellants driving suspiciously down Deerskin Road. When Officer McCluskey approached appellant Sidney McGlowan, he saw a plastic bag containing seven televisions in the passenger seat of the vehicle. A later search of the trunk produced four camcorders, all of which had McDuff Electronics price tags attached to them. The appellants were in possession of the items stolen from McDuff Electronics only twenty to forty minutes earlier.

Although the appellants claim that they did not steal the goods, the jury was

9

entitled to reject their theory in favor of the State's theory. Questions concerning the credibility of the witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact. Cabbage, 571 S.W.2d at 835. A guilty verdict rendered by the jury and approved by the trial court accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Accordingly, we conclude that sufficient evidence existed to sustain the convictions.

Having considered the entire record before us, we conclude that the trial court committed no reversible error. Hence, we affirm the appellants' convictions and respective sentences.

_____
WILLIAM M. BARKER, SPECIAL JUDGE

CONCUR:


_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE