STATE of Tennessee, Plaintiff/Appellee,

v.

George Prince WATKINS, Jr.,
Defendant/Appellant.

Supreme Court of Tennessee,
at Jackson.

March 2, 1992.

Hughie Ragan, Jackson, for defendant/appellant.

Charles W. Burson, Atty. Gen. and Reporter, Joel W. Perry, Asst. Atty. Gen., Nashville, for plaintiff/appellee.

## OPINION

ANDERSON, Justice.

The primary issue raised by this appeal is whether the warrantless police search of an automobile passenger compartment violated the Fourth Amendment of the U.S. Constitution. That question turns on whether the search was incident to a lawful arrest or was an unreasonable inventory search. The defendant, George Prince Watkins, Jr., was convicted of possession of an electrical device with a defaced serial number and possession of a controlled substance, both of which were products of the search in question and the object of a motion to suppress, which the trial court overruled. The convictions were affirmed by the Court of Criminal Appeals, because they determined that the search was incident to a lawful arrest and therefore reasonable. We agree and affirm.

On April 29, 1989, while driving his mother's car, the defendant was stopped in Jackson, Tennessee, by two police officers. After learning of the defendant's identity, the officers arrested him because they knew a capias had previously been issued for his arrest. After placing the defendant in the back seat of their police cruiser, the officers searched the passenger compartment of the car. The search revealed a stereo equalizer with missing serial numbers located in the front floorboard on the hub of the transmission and a gram of marijuana in a plastic bag under one of the front seats.

The defendant contends that the trial court's denial of his motion to suppress use of the marijuana and the stereo equalizer as evidence was error, because the items were seized as a result of an unconstitutional stop, as well as an unconstitutional search of the vehicle which he was driving.

### A. INVESTIGATORY STOP

The defendant first contends that the investigatory stop of the automobile he was driving was an unconstitutional seizure within the meaning of the Fourth Amendment because the officers observed no traffic violation, nor any other suspi-cious conduct; the officers could not identify the defendant as the driver until after the stop was made; and the car he was driving was not registered in his name.

A police officer may make an investigatory stop of a motor vehicle when the officer has a reasonable suspicion, supported by specific and articulable facts, that a criminal offense has been or is about to be committed. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968); *Griffin v. State*, 604 S.W.2d 40, 42 (Tenn.1980). In determining whether a police officer's reasonable suspicion is supported by specific and articulable facts, a court must consider the totality of the circumstances. *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 629 (1981). This includes, but is not limited to, objective observations, information obtained from other police officers or agencies, information obtained from citizens, and the pattern of operation of certain offenders. *Id.*, 449 U.S. at 418, 101 S.Ct. at 695, 66 L.Ed.2d at 629. A court must also consider the rational inferences and deductions that a trained police officer may draw from the facts and circumstances known to him. *Terry*, 392 U.S. at 21, 88 S.Ct. at 1880, 20 L.Ed.2d at 906.

At the suppression hearing, Officer Ted Maxwell, one of the arresting officers, testified he had personal knowledge that a capias was outstanding for the defendant's arrest. He further testified that other police officers had informed him the defendant frequently drove a black Cadillac which had the words, "The Duke," written on the vehicle. On the day in question, Officer Maxwell said he and his partner were parked in a church parking lot when they observed that particular black Cadillac being driven past the lot. Because of the outstanding capias, the officers decided to stop the vehicle and investigate the identity of the driver.

After stopping the car, Officer Maxwell asked the defendant for his driver's license. He responded that he did not have one, and Officer Maxwell then requested his name. When the defendant identified himself, Officer Maxwell made a call on his police

radio to verify the capias. Upon verification, Officer Maxwell placed the defendant under arrest and escorted him to the police car.

Considering the totality of these circumstances, we find that the police officers had the required reasonable suspicion, supported by specific and articulable facts, that the defendant was the driver of the vehicle and that he was the person wanted on the outstanding capias. Therefore, we find no merit in the defendant's contention that he was subjected to an unconstitutional stop.

## B. AUTOMOBILE SEARCH

The defendant next contends that the search of the automobile was an unconstitutional inventory search which violated the Fourth Amendment and, as a result, the trial court should have granted his motion to suppress the evidence obtained in the search. Officer Maxwell testified that he arrested the defendant and informed him that the vehicle would have to be towed. Because it is against departmental procedure, Officer Maxwell denied the defendant's request to have his mother come and pick up her car. After placing the defendant in the back seat of the police car, Officer Maxwell said he and his partner "started inventorying his vehicle."

Since warrantless searches and seizures are presumed to be unreasonable, the prosecution has the burden of establishing by a preponderance of the evidence the search and resulting seizure were justified pursuant to one of the recognized exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 454–55, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564, 576 (1971); *Hughes v. State*, 588 S.W.2d 296, 301 (Tenn.1979). One such exception to the warrant requirement is the inventory search. Under this exception, it is constitutionally permissible for police officers to inventory the contents of a lawfully impounded automobile without a search warrant as long as it is in accordance with routine administrative procedures. *South Dakota v. Opperman*, 428 U.S. 364, 372, 96 S.Ct. 3092, 3098–99, 49 L.Ed.2d 1000, 1007 (1976).

Although the rule has been followed in Tennessee, this Court has never held that the inventory search exception gives a police officer carte blanche to impound and inventory the contents of an arrested person's car. In *Drinkard v. State*, 584 S.W.2d 650 (Tenn.1979), we agreed with a number of other jurisdictions that the facts of each case should be scrutinized "to determine if the asserted need of the police to impound and search a car outweighs the constitutionally protected interest of the citizen in the privacy of his or her automobile and the personal possessions contained therein." *Id.*, 584 S.W.2d at 653. The guideline established in *Drinkard* is that:

> [I]f the circumstances ... are such that the driver, even though arrested, is able to make his or her own arrangements for the custody of the vehicle, or if the vehicle can be parked and locked without obstructing traffic or endangering the public, the police should permit the action to be taken rather than impound the car against the will of the driver and then search it. Just cause to arrest the driver is not, alone, enough; there must also be reasonable cause to take his vehicle into custody.

*Id.*

The defendant argues that the *Drinkard* rule applies, that there was no reasonable cause to impound the vehicle, and that the search was constitutionally unreasonable. We would agree that under these facts the search was unreasonable, in violation of the Fourth Amendment of the U.S. Constitution and Article I, Section 7 of the Constitution of Tennessee, if the inventory search exception was the only basis upon which to analyze this search.

In addition to an inventory search, however, a warrantless search may take place incident to a lawful arrest. *See New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). "[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that

automobile." *Id.* 453 U.S. at 460, 101 S.Ct. at 2864, 69 L.Ed.2d at 775 (footnotes omitted). In addition, a police officer may conduct a search of the passenger compartment of an automobile incident to an arrest even when the arrested person is neutralized in the back seat of a squad car. *U.S. v. White,* 871 F.2d 41, 44 (6th Cir.1989); *State v. Reed,* 634 S.W.2d 665, 666 (Tenn. Crim.App.1982).

█ Under the facts of this case, we conclude that the stereo equalizer and the marijuana were discovered by the police officers in the automobile passenger compartment in the course of conducting a valid search incident to the defendant's lawful arrest. The fact that Officer Maxwell *said* he and his partner began "inventorying" the defendant's vehicle after his arrest, does not invalidate the search. Here, the search occurred on the scene immediately after the arrest and placement of the defendant in the police car. The search was of the automobile passenger compartment. Accordingly, it was not an inventory search but a search incident to a lawful arrest, and the police officers' characterization of their action is not controlling of the type of search conducted.

Accordingly, because both the stop and search of the vehicle driven by the defendant were constitutionally permissible, we hold that the trial court correctly overruled the defendant's motion to suppress the evidence obtained in the search.

Finally, the defendant contends that the evidence was insufficient to support the conviction and that the trial court erred in its response to questions from the jury during deliberations. We concur in the conclusion of the Court of Criminal Appeals that these issues are without merit.

Accordingly, we affirm the judgment of the Court of Criminal Appeals in all respects. The costs of this appeal are adjudged against the defendant.

REID, C.J., and DROWOTA, O'BRIEN and DAUGHTREY, JJ., concur.