IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 27, 2000

## STATE OF TENNESSEE v. TRACY L. FRY.

**Appeal as of Right from the Criminal Court for Washington County**
**No. 24456     Lynn W. Brown, Judge**

**No. E1999-02758-CCA-R3-CD**
**March 22, 2001**

Tracy Fry, the Defendant and Appellant, pled guilty to driving under the influence, second offense. With the State's and trial court's agreement, however, she specifically reserved the right to appeal a dispositive question of law pursuant to Tenn. R. Crim. P. 37(b)(2)(1). The issue reserved for review is whether Officer Kyte "had reasonable suspicion based on specific and articulable facts, to approach and subsequently seize the defendant leading to the arrest of the defendant." We conclude that the initial encounter between Officer Kyte and the Defendant was not a seizure, that the encounter provided reasonable suspicion sufficient to justify an investigatory detention of the Defendant, and that sufficient probable cause to arrest the Defendant developed during the course of the brief investigatory detention. Thus, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., and JAMES CURWOOD WITT, JR., J., joined.

Michael D. Kellum, Johnson City, Tennessee, for the appellant, Tracy L. Fry.

Paul G. Summers, Attorney General & Reporter; Clinton J. Morgan, Assistant Attorney General, Nashville, Tennessee; Joe Crumley, District Attorney General and Victor Vaughn, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On February 15, 1998, Officer J. T. Kyte of the Washington County Sheriff's Department received a disturbance call from his dispatcher describing an address and a vehicle. Officer Kyte went to the address, an abandoned business, and found the Defendant sitting in the parking lot in a vehicle matching the dispatcher's description. Officer Kyte approached the Defendant and began to question her. When he did, he smelled alcohol emanating from the Defendant's automobile.

Officer Kyte asked the Defendant how much she had to drink, and she replied "not enough." A male, later determined to be the person who had initially called the police about the Defendant, drove in the parking lot and parked behind the Defendant's car. Officer Kyte went to question the occupant of the second car briefly, and returned to the Defendant's car. Officer Kyte then asked the Defendant to exit her vehicle. The Defendant did so, but became belligerent toward the person in the second car. Officer Kyte proceeded to perform field sobriety tests on the Defendant, and the results of the tests indicated that the Defendant was intoxicated. Officer Kyte then placed the Defendant under arrest.

The Defendant filed a motion to suppress all evidence resulting from the stop. Following a suppression hearing, the trial court denied the Defendant's motion. Subsequently, the Defendant pled guilty to driving under the influence, second offense, but reserved a certified question of law pursuant to Tenn. R. Crim. P. 37(b)(2)(1). The question, as properly certified, is stated as follows: "Whether the officer had reasonable suspicion based on specific and articulable facts, to approach and subsequently seize the defendant leading to the arrest of the defendant."

## Standard of Review

The proper standard of review for suppression issues was set forth by our supreme court in State v. Odom:

> The party prevailing in the trial court is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence. So long as the greater weight of the evidence supports the trial court's findings, those findings shall be upheld. In other words, a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise.

928 S.W.2d 18, 23 (Tenn.1996).

## Suppression

The Defendant claims that the trial court erred, because Officer Kyte had no basis of suspicion, other than a dispatcher's call, that justified his investigation of the Defendant. We disagree. In construing the demands of the Fourth Amendment, courts have recognized three distinct types of police-citizen interactions: (1) a full scale arrest which must be supported by probable cause, see Brown v. Illinois, 422 U.S. 590, 95 S. Ct. 2254, 45 L. Ed. 2d 416 (1975); (2) a brief investigatory detention which must be supported by reasonable suspicion, see Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); and (3) brief police-citizen encounters which require no objective justification, see Florida v. Bostick, 501 U.S. 429, 434, 111 S. Ct. 2382, 2386, 115 L. Ed. 2d 389 (1991). "Not all personal intercourse between policemen and citizens involves 'seizures' of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." Terry, 392 U.S. at 19 n.16. "Indeed, courts have repeatedly held that even when police have no basis for suspecting that an individual has committed or is about to commit a crime, the officer may approach

an individual in a public place and ask questions without implicating constitutional protections." State v. Daniel, 12 S.W.3d 420, 425 (Tenn. 2000) (citations omitted).

In this case, the Defendant was already stopped in the parking lot of a closed business when Officer Kyte approached her. There is no indication that Officer Kyte activated his emergency equipment, or initially detained the Defendant in any other way. The record indicates only that Officer Kyte approached the Defendant's car and began asking her questions. Accordingly, we agree with the trial court that this was an "encounter" rather that a "seizure" and required no objective justification. See State v. Pulley, 863 S.W.2d 29, 30 (Tenn. 1993); State v. Wilhoit, 962 S.W.2d 482, 486 (Tenn. Crim. App. 1997).

It is equally clear, however, that the brief encounter became a "seizure" when Officer Kyte asked the Defendant to step out of the car. See Wilhoit, 962 S.W.2d at 487. Thus, we must determine whether that seizure was justified. Initially, we note that merely asking the Defendant to exit the car was not an arrest, but an investigatory detention. Id. Although less intrusive than a full-blown arrest, an investigatory detention is subject to the constitutional protection of the Fourth Amendment against "unreasonable searches and seizures." Terry, 392 U.S. at 20. The law is well settled in Tennessee that an investigative detention requires only a showing of reasonable suspicion rather than probable cause. See, e.g., State v. Watkins, 827 S.W.2d 293, 294 (Tenn. 1992). Reasonable suspicion must be based on specific and articulable facts indicating that a criminal offense has been or is about to be committed. Terry, 392 U.S. at 21; Watkins, 827 S.W.2d at 294. In evaluating whether reasonable suspicion is based on specific and articulable facts, we must consider the totality of the circumstances, including the personal observations of the police officer, information obtained from other officers or agencies, information obtained from citizens, and the pattern of operation of certain offenders. Watkins, 827 S.W.2d at 294. We must also consider the rational inferences and deductions that a trained police officer may draw from the circumstances. Watkins, 827 S.W.2d at 294 (citing Terry, 392 U.S. at 21).

Here, when Officer Kyte approached the Defendant, he noticed a strong smell of alcohol coming from the Defendant's car. He asked her how much she had to drink, and she replied "not enough." As the Officer tried to question the Defendant further, she became uncooperative and, ultimately, "belligerent." We find sufficient specific and articulable facts to support the officer's reasonable suspicion which in turn supported the detention of the Defendant for the purpose of conducting field sobriety tests. The Defendant's poor performance on the field sobriety tests provided probable cause for the Defendant's arrest.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY SMITH, JUDGE

-3-