IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 10, 2003

## STATE OF TENNESSEE v. JOHN CRAWLEY, SR.

**Direct Appeal from the Circuit Court for Maury County**
**No. 13363     Robert Holloway, Judge**

---

**No. M2003-01289-CCA-R3-CD - Filed January 23, 2004**

---

The Defendant, John Crawley, Sr., pled guilty to driving under the influence, first offense. As part of his plea agreement, he expressly reserved with the consent of the trial court and the State the right to appeal a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i). The certified question of law stems from the trial court's denial of the Defendant's motion to suppress all evidence obtained as a result of a police officer stopping the Defendant's automobile. Because we find that the police officer did not have reasonable suspicion to stop the Defendant, we reverse the trial court's denial of the motion to suppress. This case is remanded for entry of an order of dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Robin Farber, Columbia, Tennessee, for the appellant, John Crawley, Sr.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On May 19, 2002, at approximately three o'clock in the morning, Officer Jeremy Haywood of the Columbia Police Department was on patrol. He observed the Defendant's vehicle traveling in front of him. The Defendant's car passed a yield sign at an intersection; then it stopped in the middle of the intersection. Officer Haywood testified at the suppression hearing that the Defendant's car remained in the middle of the intersection for approximately fifteen to twenty seconds. This seemed strange to Officer Haywood because there was no traffic or any other apparent reason for the Defendant to stop his car. Officer Haywood decided to activate his emergency lights and investigate

because he thought the Defendant might be sick or having car trouble. However, just before the officer activated his lights, the Defendant drove away. The Defendant made a right turn and then a left turn on residential streets. Officer Haywood testified that on Morris Avenue, which is not a lined street, the Defendant "drifted slightly to the left." The officer testified that the Defendant's drifting would have prevented other vehicles from passing in the other direction, but there was no other traffic on the road. As the Defendant's vehicle approached a car that was parked on the side of the road, he veered to the left side of the road to avoid the parked car. In Officer Haywood's opinion, the Defendant "went a lot further to the left than what would be required to get around this vehicle." At that point, Officer Haywood activated his emergency equipment and stopped the Defendant. Ultimately the Defendant was arrested for driving under the influence.

The Defendant filed a motion to suppress the evidence that was obtained as a result of the stop. He asserted that Officer Haywood did not have reasonable suspicion to believe that criminal conduct was afoot. The trial court overruled the Defendant's motion. The trial judge stated that the officer had reasonable suspicion based on the Defendant's stopping in the middle of the intersection. Although the judge noted that the Defendant's driving as shown on the video was "generally pretty good," he did think that the Defendant's vehicle moved to the left side of the road. Therefore, the trial court ruled that the officer did have reasonable suspicion to perform an investigatory stop. The Defendant subsequently pled guilty to driving under the influence. However, he expressly reserved the right to appeal a certified question of law. In its order accepting the guilty plea, the trial court stated the certified question as "whether the record supports the finding of probable cause or reasonable suspicion to legally permit a seizure of the defendant and his vehicle."

Tennessee Rule of Criminal Procedure 37(b)(2) provides that an appeal lies from any judgment of conviction entered pursuant to a plea of guilty or nolo contendere if

(i) The defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

(A) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;
(B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
(C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and
(D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case[.]

The prerequisites for consideration of the merits of a certified question of law as required by Rule 37(b)(2)(i) having been met, we begin our analysis of whether Officer Haywood had reasonable suspicion to stop the Defendant's car.

We must first determine whether the detention of the Defendant by Officer Haywood amounted to a Fourth Amendment seizure. If the detention was a seizure under the Fourth Amendment, then we must determine whether Officer Haywood possessed an articulable, reasonable suspicion for an investigatory stop under Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), and its progeny. In Terry, the Supreme Court stated that not every encounter between a police officer and a citizen is a seizure. 392 U.S. at 19 n.16. "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." Id. In United States v. Mendenhall, 446 U.S. 544, 554, 100 S. Ct. 1870, 64 L. Ed. 2d 497 (1980), the Supreme Court stated, "a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."

In this case, Officer Haywood testified that he observed the Defendant's vehicle stop in the middle of an intersection for fifteen to twenty seconds before it proceeded down the road. Officer Haywood followed the Defendant and observed his vehicle drift to the left side of the road twice. At this point, the officer activated his emergency lights, and the Defendant drove to the side of the road and stopped. We conclude that the stop of the Defendant's vehicle constituted a seizure under both the United States and Tennessee Constitutions.

Next, we must determine whether Officer Haywood possessed an articulable, reasonable suspicion for an investigatory stop under Terry v. Ohio. Police may constitutionally initiate an investigatory stop of an automobile if they have reasonable suspicion, supported by specific and articulable facts, that the occupant of the vehicle has either committed a criminal offense or is about to commit a criminal offense. See State v. Randolph, 74 S.W.3d 330, 334 (Tenn. 2002); State v. Simpson, 968 S.W.2d 776, 780 (Tenn. 1998). When evaluating whether a police officer's reasonable suspicion is supported by specific and articulable facts, a court must consider the totality of the circumstances. See State v. Watkins, 827 S.W.2d 293, 294 (Tenn. 1992).

Officer Haywood testified that he observed the Defendant approach an intersection and pass a yield sign. The Defendant paused in the intersection for fifteen to twenty seconds. When Officer Haywood eventually stopped the Defendant, the Defendant explained that he was not familiar with that area. Officer Haywood also said that the Defendant's vehicle drifted into the opposite lane twice. However, the officer admitted that the street on which the Defendant was traveling did not have painted lines, and the second time the Defendant "drifted" was due to a car parked on the side of the road. The video from the camera in Officer Haywood's patrol car depicts this second swerve. It does not contain footage of the first swerve or of the Defendant stopping in the intersection. The video does not reflect any driving that we would characterize as erratic or dangerous, nor does it reflect any obvious weaving back and forth on the roadway. The video shows that the Defendant stopped at two stop signs and activated his turn signal before initiating two turns.

-3-

Officer Haywood agreed with defense counsel that the Defendant's driving was not erratic, and that he obeyed the rules of the road. The officer based his stop on the Defendant's pausing in the intersection and "drifting" to the left. However, there was no other traffic on the rather narrow residential street where the Defendant was traveling, and the street did not have a center line. Officer Haywood activated his blue lights immediately after the Defendant "drifted" to the left side of the road to avoid a parked car because he "went a lot further to the left than what would be required to get around this vehicle."

Our supreme court has observed that rare is the driver who is able to travel in a perfect course on the road, and allowing a finding of reasonable suspicion based upon only minor driving imperfections would essentially create a "stop at will" standard which would violate the protections of the Fourth Amendment. See State v. Binette, 33 S.W.3d 215, 219-20 (Tenn. 2000). Furthermore, this Court has contrasted cases in which there had been evidence of "erratic driving or weaving while driving" from cases in which there was no evidence that the defendants were "driving erratically, weaving, or otherwise causing a hazard to other vehicles." State v. Smith, 21 S.W.3d 251, 258 (Tenn. Crim. App. 1999).

In this case, we do not believe that Officer Haywood possessed reasonable suspicion that the Defendant had committed or was about to commit a crime. By the officer's own admission, the Defendant's driving was not erratic, illegal, or causing a hazard to other drivers. The video depicts the Defendant's car moving to the left side of the road to get around a parked car, which, given the absence of a center line and oncoming traffic, appears appropriate. At the conclusion of the proof presented at the suppression hearing, the trial court observed that the video itself "probably" did not support a finding of a reasonable suspicion of impaired driving. While it may have seemed odd to the officer that the Defendant paused for several seconds at the intersection, we do not believe that this action formed the basis for reasonable suspicion that the Defendant had committed or was about to commit a crime.

Based upon our review of the video of the Defendant's vehicle, and after considering the totality of the circumstances, it is our opinion that the officer did not possess reasonable suspicion that would justify his seizure of the Defendant. Accordingly, we must reverse the order of the trial court denying the Defendant's motion to suppress, vacate the Defendant's conviction, and remand the case to the trial court for dismissal of the charges.

_____
DAVID H. WELLES, JUDGE

-4-