# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
November 6, 2007 Session

## STATE OF TENNESSEE v. TIMOTHY SWOFFORD

**Direct Appeal from the Criminal Court for Shelby County**
**No. 06-08856     James C. Beasley, Jr., Judge**

---

**No. W2007-00448-CCA-R3-CD  - Filed April 7, 2008**

---

Defendant, Timothy Swofford, presents for review a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2). Defendant entered a plea of guilty to one count of driving under the influence (DUI), first offense, a Class A misdemeanor.  The trial court sentenced Defendant to eleven months, twenty-nine days, to be suspended after serving forty-eight hours in confinement.  As a condition of his guilty plea, Defendant properly reserved a certified question of law as to whether he was subjected to an unconstitutional traffic stop. After a review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which and JAMES CURWOOD WITT, JR., and J. C. MCLIN, JJ., joined.

Claiborne H. Ferguson, Memphis, Tennessee, for the appellant, Timothy Swofford.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William L. Gibbons, District Attorney General; Charles W. Bell, Jr., Assistant District Attorney General; and Pam Fleming, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

### I. Background

After his indictment charging DUI under four alternative theories for one offense, Defendant filed a motion to suppress the evidence obtained during a traffic stop arguing that the police officer did not have a reasonable suspicion to initiate the stop of Defendant's vehicle.

At the suppression hearing, Officer Coleman Barry E. Copley, with the Memphis Police Department, testified that on March 16, 2006, at approximately 9:00 p.m., he was parked in a parking

lot shared by various businesses located in a shopping center. Officer Copley observed Defendant walk across the parking lot and get into his vehicle. Defendant threw something (which Officer Copley thought was a cigarette package) down onto the pavement, closed his car door, and drove away leaving the item behind on the surface of the parking lot. Officer Copley stated that he was parked approximately one hundred yards from Defendant's vehicle and observed Defendant's actions through binoculars. Officer Copley followed Defendant's vehicle and initiated a traffic stop. Defendant told Officer Copley that he had thrown a cigarette package out of his car.

On cross-examination, Officer Copley acknowledged that he was not sure what Defendant had thrown out of his car, although the item appeared to be a cigarette package from the size and shape of the object. Officer Copley admitted that he could not see any writing on the item. He stated that he initiated the traffic stop in order to issue Defendant a citation for littering. Officer Copley said that he did not recollect observing any indication that Defendant was intoxicated before he stopped Defendant.

The trial court orally denied Defendant's motion to suppress, finding that Officer Copley initiated a lawful stop of Defendant's vehicle after observing Defendant throw litter onto the surface of the parking lot in violation of Tennessee Code Annotated section 39-14-502. The trial court observed that "whether the fact that it was in fact [a] cigarette wrapper, as long as it appears at least in the officer's testimony and nothing to the contrary, that [Defendant] threw something out," Officer Copley lawfully initiated the traffic stop to issue Defendant a citation for littering.

## II. Analysis

Defendant argues that Officer Copley did not have specific and articulable facts to believe that an offense had been committed. Specifically, Defendant contends that Officer Copley did not ascertain that the substance which Defendant threw out of his car was in fact a cigarette package until after the traffic stop was initiated when Defendant confirmed that he had thrown a cigarette package onto the surface of the parking lot.

When a decision on a motion to suppress is challenged, the trial court's findings of fact are presumed correct unless the evidence contained in the record preponderates against them. *See State v. Daniel*, 12 S.W.3d 420, 423 (Tenn. 2000). "'Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact.'" *State v. Lawrence*, 154 S.W.3d 71, 75 (Tenn. 2005) (quoting *State v. Odom*, 928 S.W.2d 18, 23 (Tenn.1996)). However, appellate review of a trial court's conclusions of law and application of law to facts on a motion to suppress evidence is a de novo review. *See State v. Nicholson*, 188 S.W.3d 649, 656 (Tenn. 2006); *State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001).

Both the state and federal constitutions expressly protect individuals from unreasonable searches and seizures. *See* U.S. Const. amend. IV; Tenn. Const. art. I, §§ 7. These constitutional provisions are designed "'to prevent arbitrary and oppressive interference with the privacy and

personal security of individuals.'" *Daniel*, 12 S.W.3d at 424 (quoting *INS v. Delgado*, 466 U.S. 210, 216, 104 S. Ct. 1758, 1762, 80 L. Ed. 2d 247 (1984)). It is the duty of courts to be mindful of the constitutional protections afforded to the individual citizen and guard against any stealthy encroachments thereon. *Williams v. State*, 506 S.W.2d 193, 199 (Tenn. Crim. App. 1973). As such, "a warrantless seizure is presumed unreasonable, and evidence discovered as a result thereof is subject to suppression unless the State demonstrates that the seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement." *Nicholson*, 188 S.W.3d at 656; *see also State v. Binette*, 33 S.W.3d 215, 218 (Tenn. 2000).

One such exception is a brief investigatory stop by a law enforcement officer if the officer has a reasonable suspicion, based upon specific and articulable facts, that a person has either committed a criminal offense or is about to commit a criminal offense. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 884 (1968); *Binette*, 33 S.W.3d at 218. This narrow exception has been extended to the investigatory stop of vehicles. *See United States v. Brignoni-Ponce,* 422 U.S. 873, 881, 95 S. Ct. 2574, 2580, 45 L. Ed. 2d 608 (1975); *State v. Watkins*, 827 S.W.2d 293, 294 (Tenn. 1992). In evaluating whether a police officer has a reasonable suspicion, supported by specific and articulable facts, a court must consider the totality of the circumstances. *Binette*, 33 S.W.3d at 218. Those circumstances may include the personal observations of the police officer, information obtained from other officers and agencies, information obtained from citizens, and the pattern of operation of certain offenders. *State v. Watkins*, 827 S.W.2d 293, 294 (Tenn.1992). Additionally, the court must consider any rational inferences and deductions that a trained officer may draw from those circumstances. *Id*. Objective standards apply rather than the subjective beliefs of the officers making the stop. *State v. Norwood*, 938 S.W.2d 23, 25 (Tenn. Crim. App. 1996). A vehicle stop is constitutional if an officer has reasonable suspicion to believe that a traffic violation has occurred. *State v. Vineyard*, 958 S.W.2d 730, 734 (Tenn. 1997).

"A person commits criminal littering who . . . [k]nowingly places, drops or throws litter on any public or private property without permission and does not immediately remove it . . . ." T.C.A. § 39-14-502(a)(1). Litter is defined as "garbage, refuse, rubbish, and all other waste material." *Id*. § 39-14-501(2).

Defendant submits that the situation in the case *sub judice* is distinguishable from that presented in *State v. Donald Wayne Boxx*, No. W2004-01104-CCA-R3-CD, 2004 WL 1870039 (Tenn. Crim. App., at Jackson, Aug. 18, 2004), *no perm. to appeal filed*. In that case, the arresting officer observed the defendant enter his vehicle and move what appeared to be a beer can from the inside of his vehicle to the surface of the parking lot and then drive away. *Id*., 2004 WL 1870039, at *1. After his vehicle was stopped, the defendant admitted he had removed a soft drink can from his car and left it in the parking lot. *Id*. A panel of this Court concluded that the police "officer had the authority to stop the defendant's vehicle when he observed the defendant place the can onto the parking lot." *Id*., 2004 WL 1870039, at *3. We observe that the issue presented on appeal in *Donald Wayne Boxx* was not whether the defendant had violated the criminal littering statute by discarding a can in a public parking lot, but whether the arresting officer had a duty to ascertain whether the defendant did so "without permission" before initiating the traffic stop. *Id*., 2004 WL

1870039, at *1.  The  panel concluded:

> [i]n our view, the officer had no duty to determine whether the defendant "had permission" to litter before initiating the stop for that offense.  That the defendant left trash in a privately owned parking lot accessible to the public was a proper basis for an investigatory stop.

*Id*. 2004 WL 1870039, at *3.

Defendant submits that unlike the situation presented in *Donald Wayne Boxx*, Officer Copley did not know with certainty what Defendant had left behind in the parking lot, that is whether the item was a cigarette pack or a piece of paper or some other substance.

Defendant appears to argue that a police officer does not have reasonable suspicion that a person has violated Tennessee's criminal littering statute unless the officer determines with specificity the type of item left behind.  We respectfully disagree with Defendant's contention.  The term "litter" is defined generically as any "garbage, refuse, rubbish, and all other waste material." T.C.A. § 39-14-501(2).  "Rubish includes nonputrescible solid waste consisting of both compustible and non-combustible waste." *Id*. § 39-14-501(3).  A reasonable suspicion to initiate a traffic stop depends on the totality of the circumstances. *Yeargen*, 958 S.W.2d at 632.  Officer Copley testified that he observed Defendant place something onto the surface of the parking lot and drive away. Officer Copley believed that the item was a discarded cigarette package.  Regardless, whether the item was a cigarette package, a piece of paper, or some other type of garbage or other waste material, Officer Copley's observations provided reasonable suspicion that Defendant had violated the littering statute.

Based on the foregoing, we conclude that Officer Copley had reasonable suspicion supported by specific and articulable facts to conduct an investigatory stop, and the trial court did not err in denying Defendant's motion to suppress.  Defendant is not entitled to relief on this issue.

## CONCLUSION

After a thorough review of the record, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE

-4-