IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
February 23, 2010 Session

## STATE OF TENNESSEE v. JAMES FRANKLIN WIGGINS

**Appeal from the Criminal Court for Loudon County**
**No. 2007-CR-84      E. Eugene Eblen, Judge**

_____

**No. E2009-01573-CCA-R3-CD - Filed June 7, 2010**

_____

The Defendant, James F. Wiggins, pled guilty to driving under the influence of an intoxicant (DUI), a Class A misdemeanor. He received a sentence of eleven months and twenty-nine days and was ordered to serve forty-eight hours in jail and the rest on probation. The Defendant's plea agreement reserved a certified question of law regarding the legality of the traffic stop which led to his arrest. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Steven B. Ward, Madisonville, Tennessee, for the appellant, James Franklin Wiggins.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Russell Johnson, District Attorney General; and Frank A. Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant was arrested in Loudon County for DUI on November 11, 2006. The Defendant filed a motion challenging the constitutionality of the traffic stop that led to his arrest. At the suppression hearing, Officer Brian Jenkins testified that he was driving on Highway 72 at about 7:00 P.M. when he saw the Defendant's truck sitting in the middle of the intersection of Highway 72 and Steekee Street. The officer stated that he had a green light to continue on Highway 72, while the Defendant had a red light on Steekee Street. The officer explained that he did not see any other vehicles that would have caused the Defendant's truck to be in its precarious position.

Officer Jenkins testified that the Defendant's truck was blocking him from passing through the intersection. He said that if the Defendant's truck had remained where he had first seen it, he would had to have swerved to avoid a collision. However, the officer stated that as he neared the intersection, he saw the Defendant begin to back up behind the white line indicating where vehicles should stop at a red light. The officer said he passed through the intersection, turned around, and stopped behind the Defendant. He stated that the Defendant never was fully behind the white line. Officer Jenkins testified that after pulling in behind the Defendant, the light turned green. He said the Defendant drove through the intersection but shortly thereafter "veered onto the right-hand side of the road just a little bit." The officer testified that the Defendant's right tires completely passed over the white line marking the road's outer boundary. The officer said he turned on his lights and stopped the Defendant. The officer arrested the Defendant for DUI.

After hearing Officer Jenkins's testimony, the trial court concluded that the officer had authority to stop the Defendant. The court stated that the officer was justified "to inquire and to act" under the totality of the circumstances. The Defendant pled guilty to DUI, reserving this challenge to the stop's constitutionality for appeal.

On appeal, a trial court's factual findings in a motion to suppress hearing are conclusive unless the evidence preponderates against them. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996); State v. Jones, 802 S.W.2d 221, 223 (Tenn. Crim. App. 1990). The application of the law to the facts as determined by the trial court is a question of law that is reviewed de novo on appeal. State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997). Because the evidence of record does not preponderate against Officer Jenkins's testimony, we view his version of events as conclusive for purposes of appellate review.

The Defendant claims that the stop was not "based upon reasonable suspicion, supported by specific and articulable facts, that a criminal offense has been or [was] about to be committed." The State argues that Officer Jenkins had reasonable suspicion that the Defendant was committing a traffic offense after seeing the Defendant sitting in an intersection during a red light. The State also argues that Officer Jenkins had reasonable suspicion to believe that the Defendant was driving under the influence after seeing him cross the white fog line.

The Fourth Amendment to the United States Constitution and article 1, section 7 of the Tennessee Constitution protect against unreasonable searches and seizures. See State v. Downey, 945 S.W.2d 102, 106 (Tenn. 1997). A stop of an automobile constitutes a seizure within the meaning of both the Fourth Amendment and article I, section 7. Mich. Dep't of State Police v. Sitz, 496 U.S. 444, 450 (1990); State v. Pulley, 863 S.W.2d 29, 30 (Tenn. 1993); State v. Binion, 900 S.W.2d 702, 705 (Tenn. Crim. App. 1994). A police officer may

stop a vehicle if "the officer has a reasonable suspicion, supported by specific and articulable facts, that a criminal offense has been or is about to be committed." State v. Watkins, 827 S.W.2d 293, 294 (Tenn. 1992) (citing Terry v. Ohio, 392 U.S. 1, 21 (1968); Griffin v. State, 604 S.W.2d 40, 42 (Tenn. 1980)). The court must look at the totality of the circumstances to determine whether the officer's reasonable suspicion is supported by specific and articulable facts. Watkins, 827 S.W.2d at 294 (citing United States v. Cortez, 449 U.S. 411, 417 (1981)).

We conclude that Officer Jenkins had reasonable suspicion that the Defendant had committed a traffic offense by entering an intersection during a red light. Tennessee Code Annotated section 55-8-109 states that "[t]he driver of any vehicle . . . shall obey the instructions of any official traffic-control device applicable thereto placed in accordance with the provisions of this chapter . . . ." Code section 55-8-110(a)(3)(A) describes proper traffic conduct when faced with a red light: "[V]ehicular traffic facing the signal shall stop before entering the crosswalk on the near side of the intersection or, if none, then before entering the intersection and shall remain standing until green or 'Go' is shown alone." T.C.A. § 55-8-110(a)(3)(A).

When Officer Jenkins saw the Defendant sitting in the middle of an intersection during a red light, the officer had reasonable suspicion, under the totality of the circumstances, to believe that the Defendant had run a red light in violation of Code section 55-8-109. Also, when Officer Jenkins saw the Defendant sitting in the middle of an intersection during a red light in the absence of any legal justification for his position, he had probable cause to believe that the Defendant was violating Code section 55-8-110(a)(3)(A).

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE