IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION



**FILED**

**December 9, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 01C01-9712-CC-00575 |
| Appellee, | ) | |
| | ) | Robertson County |
| v. | ) | |
| | ) | Honorable John H. Gasaway, III, Judge |
| | ) | |
| JOHNNY GREGORY KNIGHT, | ) | (DUI) |
| | ) | |
| Appellant. | ) | |


FOR THE APPELLANT:

Jeff K. Walker
Julia A. Reinhart
Goodman & Walker
124 South Court Square
Springfield, TN 37172

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN 37243-0493

Georgia B. Felner
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN 37243-0493

John Wesley Carney, Jr.
District Attorney General
204 Franklin Street, Suite 300
Clarksville, TN 37040-3420

Dent Morriss
Assistant District Attorney General
204 Franklin Street, Suite 300
Clarksville, TN 37040-3420


OPINION FILED: _____


AFFIRMED


L. T. LAFFERTY, SENIOR JUDGE

# O P I N I O N

The appellant, Johnny Gregory Knight, referred herein as the defendant, appeals as of right from a judgment entered by the Robertson County Circuit Court. On December 2, 1997, the defendant pled guilty to the offense of driving under the influence of an intoxicant. Pursuant to the plea agreement, the trial court sentenced the defendant to eleven months and twenty-nine days, which the court suspended except for forty-eight hours. The defendant was placed on probation for eleven months and twenty-seven days and fined $350. As a condition of his plea, the defendant reserved the right to appeal, as a certified question of law, the trial court's denial of the motion to suppress his arrest for lack of probable cause by law enforcement officers.

After an appropriate review of the entire record in this cause, briefs of all parties, and applicable law, we affirm the trial court's judgment.

## BACKGROUND

The evidentiary hearing at the motion to suppress established the following facts. On June 23, 1996, the defendant arrived at the home of Edgar McNabb in Springfield, Tennessee, driving a Lexus automobile. McNabb testified the defendant had been drinking and was cursing at McNabb's wife. McNabb and the defendant got into a fight and McNabb struck the defendant in the cheek, causing a bloody wound. In the meantime, a neighbor called for an ambulance. The defendant got back in his car and drove away. As the defendant left, McNabb heard the police coming. McNabb advised the police officers that the defendant had been drinking and there had been a fight between the two of them. McNabb, who had a felony conviction for theft in Louisiana, declined to press charges against the defendant. The officers left to look for the defendant.

Officer Richard Morriss, Springfield Police Department, testified he went to the home of Edgar McNabb in response to a disturbance call. McNabb informed Officer Morriss that

2

he had struck the defendant and that the defendant had been drinking heavily and was injured. Officer Morriss put out a radio broadcast for the defendant with a description of the car he was driving, a newer model Lexus, off-white or cream-colored. Based on the information given by McNabb, Officer Morriss left McNabb's residence with the intention to stop the defendant.

While southbound on Memorial Boulevard, Officer Morriss observed the driver of a Lexus make a right turn onto a road behind the Quick Lube. The driver sat in the Quick Lube parking lot for about 35 or 40 seconds, then backed slowly into the street. During this time, Officer Morriss did not observe the driver commit any traffic violations. As Officer Morriss was sitting at a stop sign, the driver of the Lexus drove slowly past him. Officer Morriss estimated the Lexus's speed at 15 to 20 miles per hour. Officer Morriss made a right turn, activated his blue lights, and followed the Lexus. At the 17th Avenue stop sign, Officer Morriss observed the driver come to a "rolling stop" and make a left turn. Officer Morriss testified that in addition to the "rolling stop," the driver failed to give a turn signal. After the turn, the driver traveled approximately 500 feet and turned into a long driveway adjacent to a house.

Officer Morriss approached the vehicle and observed the defendant, slouched in the driver's seat and bleeding from his left cheek. The officer smelled a strong odor of intoxicants. Officer Morriss had the defendant get out of his car and observed the defendant was very unsteady on his feet. Officer Morriss elected not to offer the defendant a field sobriety test due to his injuries. The defendant appeared surprised that he was injured and asked Officer Morriss who had hit him. The defendant admitted he had consumed seven or eight beers. The defendant agreed to take a blood-alcohol test.

Based upon this testimony, the trial court found Officer Morriss had made a valid investigatory stop and from Officer Morriss's observations, the defendant was driving under the influence. The trial court denied the motion to suppress the arrest of the defendant.

3

## LEGAL ANALYSIS

The defendant strongly contends that the arresting officer, Officer Morriss, did not have a reasonable suspicion, based on objective and articulable facts, to justify stopping the defendant's vehicle. In support of this argument, the defendant submits three factors: (a) the arresting officer had no personal knowledge of any conduct of the defendant sufficient to justify stopping the defendant's vehicle, (b) the arresting officer did not establish the credibility of the witness who reported the defendant's conduct, and (c) the total circumstances before the arresting officer did not provide objective and articulable facts warranting an investigatory stop of the defendant. The state disagrees with the position of the defendant and argues that no investigatory stop occurred, rather the defendant did not stop but continued to drive to his destination.

The proper standard of review for suppression issues was set forth by our supreme court in *State v. Odom,* 928 S.W.2d 18, 23 (Tenn. 1996):

> The party prevailing in the trial court is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence. So long as the greater weight of the evidence supports the trial court's findings, those findings shall be upheld. In other words, a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise.

## A. and C.

In this appeal, the defendant argues (a) the defendant's misdemeanor conduct did not occur in the arresting officer's presence and thus the basis for the arrest is invalid and the evidence suppressible, and (c) the arresting officer did not provide objective and articulable facts to warrant an investigatory stop. In order for a law enforcement officer to arrest an individual for a misdemeanor, the offense must have been committed or threatened in the officer's presence. Tenn. Code Ann. § 40-7-103(1). Under both the federal and state Constitutions, a warrantless seizure is presumed unreasonable, and evidence discovered as a result thereof is subject to suppression unless the state

4

demonstrates that the seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement. *Coolidge v. New Hampshire,* 403 U.S. 443, 454-55, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564 (1971); *State v. Yeargan,* 958 S.W.2d 626, 629 (Tenn. 1997); *State v. Bartram,* 925 S.W.2d 227, 229-30 (Tenn. 1996). One narrowly defined exception was found valid in *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). In *Terry,* the Court determined that the law enforcement practice of a brief investigatory stop is constitutionally permissible if the officer has a reasonable suspicion, supported by specific and articulable facts, that a criminal offense has been or is about to be committed.

In *State v. Yeargan,* 958 S.W.2d at 632, our supreme court held:

> Reasonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause.

(quoting *Alabama v. White,* 496 U.S. 325, 330, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301 (1990); *State v. Pully,* 863 S.W.2d 29, 32 (Tenn. 1993)). We now come to the question, was the defendant's detention an "investigatory stop"? Counter to the state's argument, we believe this to be an investigatory stop according to constitutional standards.

When an officer activates his blue lights, he has clearly initiated a stop. *State v. Pully,* 863 S.W.2d 29, 30 (Tenn. 1993); *U.S. v. Hensley,* 469 U.S. 221, 226, 105 S.Ct. 675, 679, 83 L.Ed.2d 604 (1985). In some circumstances, an officer may briefly detain a suspect without probable cause in order to investigate possible criminal activity. *Brown v. Texas,* 443 U.S. 47, 51, 99 S.Ct. 2637, 2641, 61 L.Ed.2d 357 (1979). A person is seized "if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *U.S. v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980). When Officer Morriss initiated his blue lights as the defendant passed him, and blew his horn at the defendant, there was every indication

that the defendant was to stop and no longer would be free to leave.

In order to determine the specific and articulable facts, this court must consider the "totality of the circumstances." *State v. Watkins,* 827 S.W.2d 293, 294 (Tenn. 1992). Among the relevant elements to be considered are the "objective observations, information obtained from other police officers or agencies, information from citizens, and the pattern of operation of certain offenders." *Id.* We agree with the trial court that McNabb's statements that the defendant had been "drinking" or "drinking a lot" would be a reasonable inference on the part of Officer Morriss that the defendant would likely be driving under the influence of an intoxicant. We believe it was reasonable for Officer Morriss to investigate further the suspicion of the defendant's intoxication. This suspicion, coupled with the officer's observations of the defendant's slow driving, failure to give a turn signal, and making a "rolling stop" through a stop sign, justified the stop of the defendant.

The public interest served by the investigatory detention in this case was the prevention of a drunk driving accident. Certainly, the gravity of the concern over drunk driving is significant because of its threat to the safety of any citizen on the public roads. *State v. Gregory Keith Weaver,* Montgomery County No. 01C01-9705-CC-00188 (Tenn. Crim. App., Nashville, August 18, 1998). Since we believe Officer Morriss had reasonable grounds and a suspicion the defendant may have been driving under the influence, we find the defendant's arrest was valid. There are objective and articulable facts in this record to support the investigatory stop of the defendant. This issue is without merit.

**B.**

In this issue, the defendant argues the arresting officer did not establish the credibility of the witness, Edgar McNabb, who reported the defendant's conduct. In other words, for Officer Morriss to rely on the information given to him by McNabb, the officer must have established for himself that the informant had personal knowledge of the suspicious circumstances and that the informant was credible. The state contends Officer Morriss corroborated the information given to him by McNabb.

First, we recognize that Officer Morriss's information was not provided by "an anonymous person," but by a citizen informant who had firsthand knowledge of his fight with the defendant and the citizen's observation that the defendant had been drinking. *State v. Pully,* 863 S.W.2d 29, 31 (Tenn. 1993); *State v. Kelly,* 948 S.W.2d 757, 761-62 (Tenn. Crim. App. 1996). As part of his argument, the defendant contends that McNabb's statements are suspect in that he is a convicted felon and he committed an assault, which called his veracity into question, thus requiring Officer Morriss to confirm McNabb's reliability. However, the evidence in this record established Officer Morriss did not know McNabb prior to the disturbance call, nor did the officer know the complainant was a convicted felon.

When the information supporting an investigatory stop comes from an informant, Tennessee Constitutional principles require a showing that (1) the informant had a basis for his or her information that a person was involved in criminal conduct, and (2) the informant is credible or his or her information is reliable. *Pully,* 863 S.W.2d at 31; *State v. Moon,* 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992). The trial court, in its ruling, found that the information given by McNabb to Officer Morriss was reliable. Officer Morriss found the defendant slowly driving his automobile, which may infer driving under the influence. Furthermore, the defendant, who was bloody from a wound to his cheek, indicated to the officer that he was not aware he had been in a fight. The defendant also appeared to be intoxicated. All of these factors supported the reliability of the information given by the

informant, McNabb. There is no merit to this issue.

The evidence does not preponderate against the trial court's denial of the defendant's motion to suppress the evidence gained as a result of the encounter with Officer Morriss.  We, accordingly, affirm the judgment of the trial court.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
JOE G. RILEY, JUDGE