IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 20, 2004 Session

## STATE OF TENNESSEE v. JONATHAN W. SUSMAN

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 243354    Rebecca Stern, Judge**

---

**No. E2003-02262-CCA-R3-CD**
**June 18, 2004**

---

The Defendant, Jonathan W. Susman, pled guilty to driving while under the influence of an intoxicant. As part of his plea agreement, he expressly reserved with the consent of the trial judge and the State the right to appeal a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i). The question is whether there were sufficient specific and articulable facts to justify a police officer detaining the Defendant in order for him to perform field sobriety tests. We conclude that there were, and we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and THOMAS T. WOODALL, JJ., joined.

Andrew L. Berke, Chattanooga, Tennessee, for the appellant, Jonathan W. Susman.

Paul G. Summers, Attorney General and Reporter; Brent T. Cherry, Assistant Attorney General; Bill Cox, District Attorney General; and Bates Bryan, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On January 11, 2002, Officer Nicholas Allen of the Chattanooga Police Deprtament was on patrol. At about 1:48 a.m., Officer Allen stopped a vehicle that was traveling in front of the Defendant.[1] The Defendant also stopped his vehicle and asked whether he could go around Officer Allen's vehicle. At that time, the officer witnessed the Defendant driving the car. Officer Allen gave the Defendant permission to go around, which he did. The Defendant then parked his vehicle in a nearby parking lot. The Defendant got out of his vehicle, crossed the street, and approached the officer. In Officer Allen's words, "I saw him coming, told him to stop, go back across the street to

---

[1]Apparently, the Defendant and the driver of the other vehicle were traveling together.

his vehicle. He did." Officer Allen testified that the Defendant did not come within twenty feet of him. He also testified that the reasons he did not want the Defendant near him were for his safety and to prevent him from "interfering with [his] investigation" and administration of field sobriety tests.

Shortly thereafter, the Defendant approached again. He got much closer to Officer Allen this time, and the officer smelled alcohol on his breath. Again the officer told the Defendant to return to his vehicle. Although the Defendant went back to his car, he only stayed there "maybe two minutes"; then he approached the officer a third time. Officer Allen again smelled alcohol on the Defendant. He told the Defendant to go back to his vehicle. When the officer completed his initial traffic stop, he crossed the street and had the Defendant perform a series of field sobriety tests, which the Defendant failed. Officer Allen then placed the Defendant under arrest for driving while under the influence. A blood alcohol test revealed the Defendant's blood alcohol level to be .14. When the attorney for the Defendant asked the officer why he detained the Defendant, he replied that he had done so because he saw the Defendant driving, he smelled alcohol on the Defendant's breath, and the Defendant "interfered with [his] investigation on the first traffic stop."

The Defendant filed a motion to suppress the evidence recovered as a result of Officer Allen detaining the Defendant. The trial court denied the motion, and the Defendant pled guilty to DUI. However, he expressly reserved the right to appeal a certified question of law, which is stated on the judgment form as: "Did the police officer have the authority to perform field sobriety tests on the defendant under circumstances of this case."

Tennessee Rule of Criminal Procedure 37(b)(2) provides that an appeal lies from any judgment of conviction entered pursuant to a plea of guilty or nolo contendere if:

> (i) The defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
> > (A) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;
> > (B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
> > (C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and
> > (D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case[.]

See also State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). The prerequisites for the consideration of the merits of a certified question of law having been met, we begin our analysis of whether the officer was justified in detaining the Defendant for the purpose of having him perform field sobriety tests.

First, we must determine whether Officer Allen's detention of the Defendant constituted a seizure under the Fourth Amendment. If so, then we must determine whether the officer possessed an articulable, reasonable suspicion for an investigatory detention under Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), and its progeny. In Terry, the Supreme Court stated that not every encounter between a police officer and a citizen constitutes a seizure. 392 U.S. at 19 n.16. "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." Id. In U.S. v. Mendenhall, 446 U.S. 544, 100 S. Ct. 1870, 64 L. Ed. 2d 497 (1980), the Supreme Court stated, "a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." 446 U.S. at 554.

In this case, Officer Allen repeatedly told the Defendant to return to his car. When the officer completed his first traffic investigation, he crossed the street and had the Defendant perform field sobriety tests. We conclude that, at the time the officer had the Defendant perform the field sobriety tests, he was "seized" under both the United States and Tennessee Constitutions.

Next, we must determine whether Officer Allen possessed an articulable, reasonable suspicion for an investigatory stop under Terry v. Ohio. Police may constitutionally initiate an investigatory stop if they have reasonable suspicion, supported by specific and articulable facts, that a person has either committed a criminal offense or is about to commit a criminal offense. See Terry, 392 U.S. at 21; State v. Randolph, 74 S.W.3d 330, 334 (Tenn. 2002); State v. Simpson, 968 S.W.2d 776, 780 (Tenn. 1998). Detention of the person must last no longer than necessary to effectuate the purpose of the stop. See State v. Troxell, 78 S.W.3d 866, 871 (Tenn. 2002). The officer must employ the least intrusive means reasonably available to investigate his or her suspicions in a short period of time. See Florida v. Royer, 460 U.S. 491, 500, 103 S. Ct. 1319, 75 L. Ed. 2d 229 (1983). When evaluating whether a police officer's reasonable suspicion is supported by specific and articulable facts, a court must consider the totality of the circumstances. See State v. Watkins, 827 S.W.2d 293, 294 (Tenn. 1992).

Considering the totality of the circumstances of this case in light of the well-settled principles of law set forth above, we conclude that Officer Allen's decision to initiate an investigatory detention was based upon reasonable suspicion, supported by specific and articulable facts, that the Defendant was driving under the influence. Officer Allen testified that he witnessed the Defendant driving a car. The Defendant twice failed to comply with the officer's request that the Defendant remain across the street while the officer completed his investigatory detention of the driver of the first vehicle. The trial court found this behavior to be somewhat indicative of impaired judgment. We agree. The officer smelled alcohol on the Defendant's breath. Considering these circumstances, the

officer had the right to briefly detain the Defendant further for the purpose of administering field sobriety tests.  See State v. David L. Groom, No. M2002-00798-CCA-R3-CD, 2003 WL 1563667, at *4 (Tenn. Crim. App., Nashville, Mar. 27, 2003).  Therefore, the trial court did not err by denying the Defendant's motion to suppress.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE