IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 11, 2004

## STATE OF TENNESSEE v. JOHNNIE DARRELL RICE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2002-T-219     Carol Soloman, Judge**

---

**No. M2003-01294-CCA-R3-CD -Filed August 17, 2004**

---

The Appellant, Johnnie Darrell Rice, was convicted by a Davidson County jury of driving under the influence (DUI), first offense. Following a sentencing hearing, Rice was ordered to serve twenty days in periodic confinement. Rice appeals both his conviction and sentence arguing that: (1) the arresting officer had no reasonable suspicion to stop his vehicle; (2) the trial court erred in ruling that Sergeant Ben Cook was an "expert" witness; and (3) his twenty-day sentence was excessive. Finding no reversible error, the judgment of conviction and sentence are affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, J.J., joined.

Larry B. Hoover, Nashville, Tennessee, for the Appellant, Johnnie Darrell Rice.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Richard H. Dunavant, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Scott McMurtry, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

On January 7, 2002, Officer Donald Pyrtle of the Metro Nashville Police Department was dispatched to 407 Cumberland Avenue to investigate a complaint that a red Z-28 Camaro was speeding and "burning" tires as it traveled up and down the street. Although no Camaro was found at that address, Pyrtle heard the squall of tires nearby and proceeded in that direction. After traveling a short distance, he noticed a car matching the description approaching a stop sign. Pyrtle angled his patrol car into the turn lane to block the movement of the vehicle. After getting out of his car, Pyrtle approached the Camaro and motioned for the driver to roll down his window. The Appellant "looked up at [Pyrtle's] face" and then proceeded to swerve his car around the officer, almost

striking him and running into the ditch in the process. The Appellant continued down the street and turned into his residence at 407 Cumberland Avenue, approximately 100 yards away. By this time, Pyrtle had returned to his patrol car, activated his emergency lights, and reached the Appellant's home. The Appellant was walking towards his house when Officer Pyrtle ordered him to stop. The Appellant complied but nearly fell down. The officer gave testimony that the Appellant appeared to be intoxicated based upon his slurred speech, bloodshot eyes, disheveled clothing, and a strong odor of alcohol. After unsuccessfully completing field sobriety tests and refusing to submit to a breathalyzer test, the Appellant was placed under arrest and transported to jail.

At trial, Sergeant Ben Cook, who was in charge of administering the breathalyzer test, testified that the Appellant had bloodshot eyes, slurred speech, alcohol breath, and that, in his opinion, the Appellant was intoxicated. Following the trial, the Appellant was convicted of DUI and sentenced to eleven months and twenty-nine days, with all time suspended except for twenty days, which was ordered to be served on weekends. The Appellant's motion for new trial was subsequently denied, with this appeal following.

**Analysis**

**I. Investigatory Stop**

The Appellant argues that the police were without authority to stop his vehicle. In order to stop a vehicle, a law enforcement officer must have probable cause or reasonable suspicion supported by specific and articulable facts to believe that an offense has been or is about to be committed. *State v. Randolph*, 74 S.W.3d 330, 334 (Tenn. 2002). In determining whether reasonable suspicion existed for the stop, a court must consider the totality of the circumstances. *State v. Binette*, 33 S.W.3d 215, 218 (Tenn. 2000). Those circumstances include the personal observations of the police officer, information obtained from other officers or agencies, information obtained from citizens, and the pattern of operation of certain offenders. *State v. Watkins*, 827 S.W.2d 293, 294 (Tenn. 1992). Additionally, upon review, the court must consider any rational inferences and deductions that a trained officer may draw from those circumstances. *Id*. Objective standards apply rather than the subjective beliefs of the officers making the stop. *State v. Norwood*, 938 S.W.2d 23, 25 (Tenn. Crim. App. 1996).

The trial court concluded that Officer Pyrtle had reasonable suspicion to stop the Appellant's vehicle based upon the fact that the Appellant "almost hit the officer" and "erratically" drove away. We find this conclusion misplaced. At the point these circumstances occurred, the officer had previously attempted to initiate a traffic stop by a show of authority. Thus, the protected seizure had already occurred. *See Randolph*, 74 S.W.3d at 338; *State v. Pulley* 863 S.W.2d 29, 30 (Tenn. 1993) (seizure occurred upon activation of blue lights). The appropriate focus is upon the officer's grounds for reasonable suspicion at the time he attempted to initiate the stop of the Appellant's vehicle by blocking its movement and ordering the Appellant to roll down the window.

The record demonstrates that Officer Pyrtle was dispatched to the Appellant's address based upon a report that a red Camaro was speeding and "burning" tires. Upon arrival, the officer heard tires squalling, thus, corroborating the information he had received. Proceeding in the direction of the noise, he saw a car matching the description which had been given. Despite the fact that Officer Pyrtle had not yet seen a crime committed in his presence, he clearly had reasonable suspicion, based upon specific and articulable facts, to initiate a brief investigatory stop. Indeed, he testified that this was his intention at the time. *See State v. Antonio T. Seay*, No. M2002-02129-CCA-R3-CD (Tenn. Crim. App. at Nashville, July 11, 2003); *see also State v. Luke*, 995 S.W.2d 630, 636 (Tenn. Crim. App. 1998). This issue is without merit.

## II. Testimony of Sergeant Cook

The Appellant argues that the trial court erred in ruling that Sgt. Cook would be testifying as an "expert." Within his argument, the Appellant also asserts, for the first time, that the trial court erred by commenting to the jury upon the evidence, *i.e.* Sgt. Cook's credibility.

At trial, Sgt. Cook testified that he was the officer administering the breathalyzer test on the date Officer Pyrtle transported the Appellant to the station for booking. Cook related that he had been a police officer for forty-three years and, during this time, had observed "thousands" of people under the influence of alcohol. Sgt. Cook explained he talked to the Appellant "10, 20, 30 minutes" and had occasion to observe his demeanor during this period.

The following colloquy then occurred:

Prosecutor: Were you able to form an opinion about whether or not Mr. Rice was under the influence?

Witness: Yes.

Defense Counsel: I am going to object; I don't think the proper foundation has been laid for that. . .

Prosecutor: A lay person can give his opinion upon intoxication based upon the very things he testified to.

The Court: He's not a lay person. He's been on the force 43 years, has been experienced. Before you run breathalyzers for 15 years and you were out on the field before that?

Witness: I have run the breathalyzer since '77.

The Court: Older than I am. So I mean, before that, you were doing arrests, weren't you?

-3-

Witness: Oh, yes, ma'am.

The Court: Did you arrest any DUIs?

Witness: Yes. I arrested DUI, public drunks.

Prosecutor: Do you know how many DUI arrests you ever made?

Witness: Oh, my God. Over the length?

Prosecutor: Over the length of your career, yes, sir?

Witness: God, I would say four or 500.

Prosecutor: Do you remember how may public intoxication cases?

Witness: No sir. I can't even guess.

The Court: The Court finds this man is an expert. More than, if you put 50 policemen together, he would have more experience and knowledge. And you may ask his opinion.

Sgt. Cook then testified that, in his opinion, the Appellant was "definitely under the influence."

The trial court's ruling that the witness was an expert is unclear as the witness' testimony was neither sought nor given within the rule of evidence regarding testimony by experts. *See* Tenn. R. Evid. 702. Indeed, the sergeant's opinion of intoxication as a lay witness was clearly admissible based upon his perception of the Appellant at the time of arrest. *See* Tenn. R. Evid. 701(1). Thus, we find no error in the admission of his opinion.

Additionally, the Appellant argues on appeal that the trial court improperly commented to the jury about Sgt. Cook's expertise in the area of intoxication.[1] The Tennessee Constitution prohibits judges from commenting upon the evidence in the case "with respect to matters of fact. . . ." TENN. CONST. art. VI, § 9. Our supreme court has stated that, while it is well-established that a trial judge possesses broad discretion in controlling both the course and conduct of the trial, a trial judge "must be careful not to express any thought that might lead the jury to infer that the judge is in favor of or against the defendant in a criminal trial." *State v. Cazes*, 875 S.W.2d 253, 260 (Tenn. 1994) (citing *State v. Caughron*, 855 S.W.2d 526, 536 (Tenn. 1993)). Though a judge is permitted

---

[1] This argument, as framed, is beyond the scope of the issue in the Appellant's brief. The issue as raised on appeal and at the motion for new trial is as follows:

(2) The trial court erred in finding Sergeant B. Cook was an expert witness in determining whether a person is too intoxicated to operate a motor vehicle.

to question a witness, even very slight indications of opinion on the part of the judge can have a powerful impact upon the minds of the jury. *Kanbi v. Sousa,* 26 S.W.3d 495, 498 (Tenn. Ct. App. 2000) (citing *McBride v. Allen*, 720 S.W.2d 459, 462-63 (Tenn. Ct. App. 1979)).

The record indicates that the Appellant failed to include the issue of the trial court's comments in his motion for new trial. As such, the Appellant has waived the issue. Tenn. R. App. P. 3(e); *see State v. Walker*, 910 S.W.2d 381, 386 (Tenn. 1995). Moreover, we note that the Appellant failed to object when the trial court made the comments, nor did the Appellant move for a mistrial or request a curative instruction. A defendant is not entitled to relief based upon a purported error by the trial court when the defendant fails to take whatever action is reasonably available to nullify the harmful effect of the error. Tenn. R. App. P. 36(a).

## III. Sentencing

The Appellant argues that "the trial court erred in sentencing the Appellant to a twenty (20) day sentence in this case as it was excessive under the facts and circumstances presented at trial." When an accused challenges the length, range, or manner of service, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

The trial court heard proof that the Appellant was driving recklessly, speeding, and burning tires in a residential neighborhood. Moreover, the Appellant attempted to elude the police and nearly struck an officer in the process of fleeing. Upon *de novo* review, we find these circumstances sufficient to justify the sentence imposed.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Davidson County Criminal Court.

_____
DAVID G. HAYES, JUDGE