IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 18, 2006 Session

## STATE OF TENNESSEE V. DAVID MICHAEL ANDERSON, JR.

**Direct Appeal from the Criminal Court for Putnam County**
**No. 05-0227    Lillie Ann Sells, Judge**

_____

_____No. M2006-00138-CCA-R3-CD - Filed September 25, 2006

_____

The appellant, David Michael Anderson, Jr., pleaded guilty to driving under the influence, first offense, and reserved, under Tennessee Rule of Criminal Procedure 37(b)(2)(i), a certified question of law dispositive of the case. The certified question of law is whether the officer in this case lacked reasonable suspicion to effect a seizure in stopping appellant and as a result the evidence seized should have been suppressed. Following our review, we agree with appellant, reverse the judgment of the trial court and dismiss the charge.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

J.S. DANIEL, SR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

William Arnold Cameron, Cookeville, Tennessee, Attorney for the Appellant, David Michael Anderson, Jr.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; William E. Gibson, District Attorney General; and Marty S. Savage, Assistant District Attorney General, for the Appellee, State of Tennessee.

# OPINION

### FACTS

On December 12, 2004, shortly after 1:00 a.m., Officer Scott Polston of the Cookeville Police Department was on routine patrol. He had just completed a shoplifting call at Wal-Mart and was leaving the parking area traveling southbound on Jefferson Street. Out of his peripheral vision Officer Polston observed a vehicle in a parking lot across from Long John Silver's restaurant with

its rear wheels in a ditch. The front of the vehicle was protruding into Scenic Drive. Officer Polston turned around to check out the vehicle but the vehicle had already pulled into the drive portion of the roadway. Polston's explanation for returning to the vehicle was to ensure the vehicle was not stalled on Scenic Drive and to confirm the vehicle was not associated with the Wal-Mart shoplifting call he had just completed.

Polston followed appellant onto Jefferson Street where he initiated a stop. Prior to the stop, Officer Polston noted that the appellant stopped at a stop sign at Scenic and South Jefferson. He conceded the appellant made a proper turn onto South Jefferson and was not speeding. Appellant had no malfunctioning operating equipment, such as taillights or head lights. However, Officer Polston initiated the traffic stop at 1:19 a.m. for reasons set out in the following colloquy:

Q: Okay, what time of night was this?
A: Approximately 1:19.
Q: 1:19 in the morning. Okay. And in other cases you have told me that basically cars out after midnight, you know, in Cookeville if you find a reason you'll pull them over?
A: Trying to find DUI's, yeah.
Q: Okay. And in this particular situation the two reasons that you found, the Wal-Mart, misdemeanor theft at Wal-Mart, shoplifting case was for a misdemeanor that wasn't committed in your presence?
A: That is correct.
Q: All right. You just wanted to check him out and see if he might have had something to do with it?
A: Precisely. Plus the fact that he was stuck in the ditch partially.
Q: Okay. Well, by the time you turned around he wasn't stuck and apparently had never been stuck in the ditch?
A: Well that's the way it looked to me as I was passing by.

*
*
*

Q: Okay. And as far as any traffic laws whatsoever, he didn't violate any of them, that you know of?
A: As far as traffic laws, no.

Upon activating his blue lights and initiating a stop of appellant, Officer Polston approached appellant's car and smelled an odor of an intoxicant about Mr. Anderson's body. Appellant was ultimately arrested for driving under the influence based on evidence obtained after the stop. In

2

denying the motion to suppress, the trial court concluded that under the totality of the circumstances the officer's viewing of appellant's vehicle in the ditch at that time of the morning, coupled with the fact there were no adverse road conditions, made it reasonable for the officer to investigate. Viewing the circumstances in their entirety, the trial court held that the officer had a reasonable suspicion, supported by specific and articulable facts, to initiate a stop of appellant's vehicle.

## ANALYSIS

At the time of the plea, Tennessee Rule of Criminal Procedure 37 provided that:

> An appeal lies . . . from any judgment of conviction . . . upon a plea of guilty . . . if . . . defendant entered into a plea agreement under Rule 11 but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case.

Tenn. R. Crim. P. 37(b)(2)(i). In the instant case, the trial court entered such an order certifying the question of law as follows: "Was the stop of the defendant by Officer Scott Polston on the night of December 12, 2004 based upon reasonable suspicion supported by specific and articulable facts sufficient to justify the stop of the defendant and the gathering of evidence against the defendant and his subsequent arrest for driving under the influence?"

The trial court's factual findings on a motion to suppress are conclusive on appeal unless the evidence preponderates against them. State v. Binette, 33 S.W.3d 215, 217 (Tenn. 2000); State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). Thus, questions of credibility, the weight and value of the evidence, and the resolution of conflicting evidence are matters entrusted to the trial judge, and the court must uphold a trial court's findings of fact unless the evidence in the record preponderates against them. Id. at 23, see also Tenn. R. App. P. 13(d). However, application of the law to the facts is a question that an appellate court reviews *de novo*. State v. Keith, 978 S.W.2d 861, 864 (Tenn. 1998).

The United States and the Tennessee Constitutions protect against unreasonable search and seizures. U.S. Const.amend IV; Tenn. Const. art.1 § 7. A search or seizure without a warrant is presumed unreasonable and thereby requires the state to prove by a preponderance of the evidence that the search or seizure was conducted pursuant to an exception to the warrant requirement. State v. Simpson, 968 S.W.2d 776, 780 (Tenn. 1998). An exception to the warrant requirement exists when a police officer makes an investigatory stop based upon reasonable suspicion, supported by specific and articulable facts, that a criminal offense has been or is about to be committed. Terry v. Ohio, 329 U.S. 1, 20-21, 88 S.Ct. 1868, 1880, 20 L.Ed2d 889 (1968); Binette, 33 S.W.3d at 218.

A law enforcement officer must have probable cause or reasonable suspicion supported by specific and articulable facts to believe that an offense has been or is about to be committed in order

to stop a vehicle. State v. Randolph, 74 S.W.3d 330, 334 (Tenn. 2002). In determining if the reasonable suspicion exists, an appellate court must look to the totality of the circumstances and "the officer of course, must be able to articulate something more than an inchoate and unparticularized suspicion or hunch." State v. Yeargan, 958 S.W.2d 626, 632 (Tenn. 1997) (quoting United States v. Sokolow, 490 U.S.1, 7-8, 109 S. Ct. 1581, 1585 (1989)).

Circumstances relevant to the evaluation of reasonable suspicion and probable cause include but are not limited to "the officer's personal objective observations . . . Rational inferences and deductions that a trained officer may draw from the facts and circumstances known to him" -- inferences and deductions that might well elude an untrained person. Id. State v. Watkins, 827 S.W.2d 293, 294 (Tenn. 1992). The content, quality and quantity of information possessed by the police must be assessed in determining whether it is sufficiently reliable to support a finding of reasonable suspicion. Yeargan, 958 S.W.2d at 632.

Unquestionably, appellant was seized when the officer turned on his blue lights and initiated the traffic stop. See Binette, 33 S.W.3d at 218; State v. Pulley, 863 S.W.2d 29, 30 (Tenn. 1993). Therefore, the admissibility of the evidence of intoxication which the officer obtained after the seizure hinges upon the determination of whether the stop was appropriate under the above statements of law when applied to the present facts.

Our review of this record leads us to conclude that the officer did not have a reasonable suspicion supported by specific and articulable facts that the defendant had committed a crime when he initiated the traffic stop. Just prior to the stop of appellant's vehicle, the officer had observed no traffic violations and no equipment failures, such as a non-working headlight or taillight. Finally, the record is devoid of proof that in fact the appellant had been stalled when the officer first observed him for the purpose of inquiry and even if he had been stalled, that problem had been resolved when the officer picked up his pursuit of appellant.

Therefore, the evidence preponderates against the trial court's factual finding that the officer made an investigatory stop based upon reasonable suspicion, supported by specific and articulable facts, that a criminal offense had been or was about to be committed. The resulting evidence from the investigation was the product of an unreasonable search and seizure which should have been suppressed by the trial court. Therefore, we reverse the trial court's determination on the motion to suppress. With the exclusion of the evidence, there is no other evidence to support the guilty plea. We remand the case to the trial court for the entry of an order dismissing the defendant's conviction.

JUDGE J. S. DANIEL, SENIOR JUDGE

4