# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 7, 2008

## STATE OF TENNESSEE v. JONATHAN FREDRICK WALKER

**Direct Appeal from the Circuit Court for Obion County**
**No. CC-08-CR-52     William B Acree, Jr., Judge**

---

**No. W2008-00757-CCA-R3-CD  - Filed September 21, 2009**

---

The State appeals the trial court's grant of a motion to suppress the evidence seized as a result of a search of the vehicle of Defendant, Jonathan Frederick Walker. The seized items led to Defendant's indictment for possession of more than 0.5 grams of cocaine with the intent to sell or deliver. Because the State was unable to prosecute the case without the suppressed evidence, the trial court entered an order dismissing the charges against the Defendant. After a review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and J.C. MCLIN, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and James Cannon, Assistant District Attorney General, for the appellant State of Tennessee.

Joseph P. Atnip, District Attorney General; and William K. Randolph, Assistant District Attorney General, Dresden, Tennessee, for the appellee, Jonathan Fredrick Walker.

## OPINION

### I. Background

Defendant filed a pretrial motion to suppress the evidence found during a search of Defendant's vehicle after he was stopped for violation of the seatbelt law. At the suppression hearing, Officer Scott Watkins with the Union City Police Department testified that on November 24, 2007, the police department was carrying out a "click it or ticket campaign" which required officers on patrol to be on the outlook for drivers who were not wearing a seatbelt. Officer Watkins testified that he followed Defendant's vehicle for some period of time. The streetlights were on, and Officer Watkins' headlights also illuminated the interior of Defendant's vehicle. Defendant was

slumped over to the center of the front seat, and Officer Watkins stated that he did not observe Defendant wearing a seat belt.

Officer Watkins activated his emergency equipment, and Defendant pulled over. Officer Watkins stated that he smelled an odor "of what appeared to be burnt marijuana" about the vehicle. After Defendant produced his driver's license, proof of insurance, and registration information, Officer Watkins walked back to his patrol car and requested the assistance of a K-9 unit. The K-9 dog alerted to the presence of drugs in the area of the driver's side rear door. Another officer conducted a pat down search of Defendant, and Defendant was asked to remove his shoes. A clear baggie with a white powdery substance was located in Defendant's right shoe. Officer Watkins stated that he gave Defendant a traffic citation for failure to comply with the seatbelt law, and Defendant later paid the citation.

On cross-examination, Officer Watkins stated that it was dark when he spotted Defendant's vehicle. Officer Watkins said that the windows of Defendant's vehicle were not tinted. Officer Watkins stated that there was sufficient light from the streetlights and the patrol car's headlights to ascertain whether Defendant was wearing a seatbelt. In response to the trial court's question, Officer Watkins stated that he was approximately twenty feet from Defendant's vehicle when he initiated the traffic stop.

Defendant testified that the traffic stop occurred between approximately 9:00 p.m. and 9:30 p.m. Defendant stated that he was wearing his seatbelt before he was stopped, and that he unfastened his seatbelt as Officer Watkins approached his window. On cross-examination, Defendant stated that he paid the traffic citation for failure to comply with the seatbelt law because he did not want "to go to jail for it."

The trial court found that the traffic stop occurred at night, and Officer Watkins was behind Defendant's vehicle at a distance of approximately twenty feet. The trial court stated:

> I don't think the fact that [Defendant] could lean one way or the other in an automobile makes any difference. I can do that in my vehicle, and it's extremely difficult, if not impossible, in my opinion, to see whether or not a seat belt is on. It depends upon a lot of factors, the type of car that it is, where the seat belt is located on a car. There's no evidence as to this particular car.

Based on the foregoing, the trial court found that the State had failed to prove that Officer Watkins had a proper reason to initiate a traffic stop of Defendant's vehicle and granted Defendant's motion to suppress.

## II. Analysis

The State argues that the evidence preponderates against the trial court's finding that Officer Watkins did not have reasonable suspicion or probable cause to initiate a traffic stop of Defendant's

vehicle. Accordingly, the State contends that the trial court erred in granting Defendant's motion to suppress.

The findings of fact made by the trial court at the hearing on a motion to suppress are binding upon this court unless the evidence contained in the record preponderates against them. State v. Ross, 49 S.W.3d 833, 839 (Tenn. 2001). The trial court, as the trier of fact, is able to assess the credibility of the witnesses, determine the weight and value to be afforded the evidence and resolve any conflicts in the evidence. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). The prevailing party is entitled to the strongest legitimate view of the evidence and all reasonable inferences drawn from that evidence. State v. Hicks, 55 S.W.3d 515, 521 (Tenn. 2001). However, this Court is not bound by the trial court's conclusions of law. State v. Randolph, 74 S.W.3d 330, 333 (Tenn. 2002). The application of the law to the facts found by the trial court are questions of law that this court reviews de novo. State v. Daniel, 12 S.W.3d 420, 423 (Tenn. 2000). The defendant has the burden of establishing that the evidence contained in the record preponderates against the findings of fact made by the trial court. Braziel v. State, 529 S.W.2d 501, 506 (Tenn. Crim. App. 1975).

The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures, and "'article 1, section 7 [of the Tennessee Constitution] is identical in intent and purpose with the Fourth Amendment.'" State v. Downey, 945 S.W.2d 102, 106 (Tenn. 1997) (quoting Sneed v. State, 221 Tenn. 6, 13, 423 S.W.2d 857, 860 (1968)). The stop of an automobile by a law enforcement officer constitutes a seizure under both the United States and Tennessee Constitutions. State v. Nelson, 275 S.W.3d 851, 860 (Tenn. Crim. App. 2008). "Under both constitutions, 'a warrantless search or seizure is presumed unreasonable, and evidence discovered as a result thereof is subject to suppression unless the State demonstrates that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement.'" Id. (quoting State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997)).

Under one of these exceptions, a law enforcement officer may conduct a brief, investigatory stop of an individual if the officer has a reasonable suspicion, based on specific and articulable facts, of criminal activity on the part of the individual. Terry v. Ohio, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968); State v. Levitt, 73 S.W.3d 159, 172 (Tenn. Crim. App. 2001) (citing Ornelas v. United States, 517 U.S. 690, 693, 116 S. Ct. 1657, 1662 (1996)); State v. Simpson, 968 S.W.2d 776, 780 (Tenn. 1998); State v. Vineyard, 958 S.W.2d 730, 734 (Tenn. 1997). This exception has been extended to investigatory stops of vehicles. Nelson, 275 S.W.3d at 860 (citing United States v. Brignoni-Ponce, 422 U.S. 873, 881, 95 S. Ct. 2574 (1975)); State v. Watkins, 827 S.W.2d 293, 294 (Tenn. 1992)).

In Levitt, this Court explained that:

[r]easonable suspicion is an objective standard, and must be determined from the totality of the circumstances. United States v. Cortez, 449 U.S. 411, 417-18, 101 S. Ct. 690, 695 (1981); Ornelas, 517 U.S. at 696, 116 S. Ct. at 1661-62. "Based upon that whole picture the detaining officers must have a particularized and objective

basis for suspecting the particular person stopped of criminal activity." Cortez, 449 U.S. at 417-18, 101 S. Ct. at 695. Reasonable suspicion will be found to exist only when "the events which occurred leading up to the stop" would cause an "objectively reasonable police officer" to suspect criminal activity on the part of the individual stopped. Ornelas, 517 U.S. at 696, 116 S. Ct. at 1661-62.

Levitt, 73 S.W.3d at 172.

Drivers of vehicles in Tennessee are required to wear "a safety belt at all times the vehicle is in forward motion." T.C.A. § 55-9-603(a)(1). A law enforcement officer observing a violation of this statutory provision is authorized to issue a citation to the violator, and such violation is a Class C misdemeanor. Id. § 55-9-603(d)(1), (f)(1). Thus, a law enforcement officer may initiate a traffic stop if he or she has a reasonable suspicion that a person is not wearing a seat belt. See State v. Harris, 280 S.W.3d 832, 839 -840 (Tenn. Crim. App. 2008) (concluding that the police officer acted "within constitutional bounds" when he initiated a traffic stop after observing "the defendant's seatbelt dangling unengaged from the door post while the defendant drove the car").

The State relies on Officer Watkins' testimony in support of its argument that the evidence preponderates against the trial court's findings. However, it is this testimony that the trial court, as trier-in-fact, found not to be credible. See Odom, 938 S.W.2d at 23 (noting that the trial court, as trier-in-fact, is in the best position to assess the credibility of the witnesses, determine the weight and value to be afforded the evidence, and resolve any conflicts in the evidence). Only Officer Watkins and Defendant provided testimony relevant to the events surrounding the traffic stop. The trial court found Officer Watkins' testimony that he could observe whether or not Defendant was wearing a seatbelt not credible based on the totality of the circumstances surrounding the traffic stop, and thus found that Officer Watkins lacked reasonable suspicion to stop Defendant's vehicle. Our review of the record reveals no basis for disturbing the trial court's credibility determinations.

Accordingly, we conclude that the trial court did not err in granting Defendant's motion to suppress, and the drugs seized as a result of the invalid traffic stop are subject to suppression. See State v. Norwood, 938 S.W.2d 23, 26 (Tenn. Crim. App. 1996).

**CONCLUSION**

After a thorough review, we affirm the judgment of the trial court.

_____

THOMAS T. WOODALL, JUDGE