# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE
### Assigned on Briefs July 21, 2010

## STATE OF TENNESSEE v. KEVIN M. FRIERSON

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2007-C-2329      Mark J. Fishburn, Judge**

---

**No. M2009-01544-CCA-R3-CD - Filed December 14, 2010**

---

A Davidson County grand jury indicted the Defendant, Kevin M. Frierson, for possession of .5 grams or more of a Schedule II controlled substance with the intent to sell or deliver and one count of possession of drug paraphernalia. The Defendant filed a motion to suppress the evidence against him, which was discovered on the Defendant's person and seized by a police officer who had stopped a vehicle in which the Defendant was a passenger. The trial court denied the motion to suppress. The Defendant pled guilty to possession of .5 grams or more of a schedule II controlled substance with the intent to sell or deliver, but reserved a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2) as to whether the search of the Defendant was constitutional. After a thorough review of the record and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, delivered the opinion of the Court, in which JERRY L. SMITH, and ALAN E. GLENN, JJ., joined.

Patrick G. Frogge, Nashville, Tennessee, for the Appellant, Kevin M. Frierson.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Brian Clay Johnson, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Joel Crim, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Background

This case arises from the stop of a vehicle in which the Defendant was a passenger. The vehicle was stopped by a police officer because it allegedly had an altered license plate.

The Defendant was required to provide identification to the police officer, who then discovered that the Defendant had an outstanding warrant. A search of the Defendant led to the seizure of 23 grams of cocaine from the Defendant's person. A Davidson County grand jury indicted the Defendant for possession of .5 grams or more of a schedule II controlled substance with intent to sell or deliver and possession of drug paraphernalia. The Defendant then moved to suppress the evidence seized during the search of the vehicle and his person. The trial court held a suppression hearing to dispose of the Defendant's motion.

At the suppression hearing, Sergeant Melissa Schultz, a Metropolitan Nashville Police Department officer, testified that while on a routine patrol, she observed a vehicle displaying an altered temporary tag. The Defendant was seated in the front passenger seat of the vehicle, and, once Sergeant Schultz activated the emergency lights on the police car, the Defendant reached between his back and the seat. Sergeant Schultz testified that this motion concerned her because, based upon her experience, such behavior often indicates either weapons or drugs are being concealed.

Sergeant Schultz testified that after stopping the vehicle she first spoke with the driver, and, after getting his driver's license and information, she asked the passengers for identification. The Defendant handed the officer his license, and she wrote down his name and birth date and handed it back to him. Sergeant Schultz described the process of asking passengers for identification as "standard procedure." After obtaining this information, Sergeant Schultz checked for outstanding warrants and learned the Defendant had an outstanding warrant. Sergeant Schultz confirmed the warrant with the warrant division, returned to the vehicle, handcuffed the Defendant, and searched the Defendant incident to an arrest. After recovering $3177 from the Defendant's person, Sergeant Schultz felt a bulge in the rear of the Defendant's pants at the top of his leg. She asked if he had something in his pants and he said no. The Defendant jumped up and down to show the officer there was nothing in his pants when a bag of crack cocaine fell from his pant leg to the ground. The officer then conducted a search of the vehicle and recovered a digital scale, cell phones, and the altered temporary tag.

Following this hearing, the trial court issued a written order denying the Defendant's motion to suppress the evidence recovered during the stop. The Defendant then pled guilty to the felony drug charge but reserved as a certified question of law the propriety of the seizure. The Defendant was ordered to serve twelve years as a multiple offender but was to serve this sentence on Community Corrections.

## II. Analysis
### A. Certified Question of Law

Because this appeal comes before us as a certified question of law, pursuant to Rule

37(b) of the Tennessee Rules of Criminal Procedure, we must first determine whether the question presented is dispositive. An appeal lies from any judgement of conviction upon a plea of guilty if the defendant entered into a plea agreement under Rule 11(a)(3) but explicitly reserved with the consent of the State and the court the right to appeal a certified question of law that is dispositive of the case. Tenn. R. Crim. P. 37(b)(2); *see State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). Further, the following are prerequisites for an appellate court's consideration of the merits of a question of law certified pursuant to Rule 37(b)(2):

> (i) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law reserved by the defendant for appellate review;
>
> (ii) The question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (iii) The judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial judge; and
>
> (iv) The judgment or document reflects that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case . . . .

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv).

The Defendant's issue on appeal meets these requirements. He pled guilty, and the judgment form along with its addendum listed the question the Defendant maintains on appeal:

> Whether Officer Melissa Vangyija Schultz, the Police Officer who stopped the car in which the Defendant was a passenger on August 4, 2006, had probable cause to seize the Defendant's person by taking control of his driver's license?
>
> The Court hereby finds that this certified question was reserved as part of the plea agreement, that the Defendant, the State and the Court consent to the reservation, and the Defendant, the State and the Court agree that the certified question is dispositive of the case.

We agree that the question attached to the Defendant's plea agreement is dispositive of the case, thus we conclude that these issues are properly before this Court.

**B. Request for the Defendant's Identification**

The Defendant contends that the trial court erred when it denied his motion to suppress evidence obtained as a result of the search because the police officer did not have authority to confirm his identity by requesting his driver's license when the Defendant was the passenger in a car legally stopped by the officer. According to *State v. Odom*, "a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." 928 S.W.2d 18, 23 (Tenn. 1996). Additionally, the prevailing party in the trial court is "entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence." *Id.* Furthermore, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *Id.* Despite the deference to the trial court for factual issues, this Court reviews the trial court's application of the law to the facts de novo, without any deference to the trial court's determinations. *State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001).

Specifically, the Defendant asks us to find that Sergeant Schultz's testimony was not credible and, next, that the trial court erred when it denied his motion to suppress the evidence found during the traffic stop. The Defendant does not challenge the initial stop but solely the taking of his driver's license to confirm his identity.

First, we note that questions of credibility of witnesses are left to the trial judge. The Tennessee Supreme Court described the trial court's role as "the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. *Bolin v. State*, 405 S.W.2d 768, 771 (Tenn. 1966) (citing *Carroll v. State*, 370 S.W.2d 523 (Tenn. 1963)). The trial court specifically found in its memorandum opinion that Sergeant Schultz's testimony was reliable. Because the evidence does not preponderate against this finding, we conclude that the Defendant is not entitled to relief as to this issue.

The Defendant also argues that Sergeant Schultz's seizure of his driver's license during the course of the traffic stop was unlawful. The State responds that Sergeant Schultz's asking the Defendant if he had any identification was not illegal because Sergeant Schultz observed furtive movements made by the Defendant as she was pulling the vehicle over and the Defendant voluntarily gave his license to Sergeant Schultz after her inquiry as to whether he had identification.

Both the state and federal constitutions protect individuals from unreasonable searches and seizures. *See* U.S. Const. amend. IV; Tenn. Const. art. I, § 7. Therefore, a search or seizure conducted without a warrant is presumed unreasonable and any evidence discovered as a result of such a search is subject to suppression. *See Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971); *State v. Bridges*, 963 S.W.2d 487, 490 (Tenn. 1997). However, the evidence will not be suppressed if the State proves that the warrantless search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement. *State v. Binette*, 33 S.W.3d 215, 218 (Tenn. 2000) (quoting *State v. Yeargan*, 958 S.W.2d 626,

629 (Tenn. 1997)).

One exception to the warrant requirement is the brief investigatory stop by a law enforcement officer if the officer has a reasonable suspicion, based upon specific and articulable facts, that a person has either committed a criminal offense or is about to commit a criminal offense. *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *Binette*, 33 S.W.3d at 218. This narrow exception has been extended to the investigatory stop of vehicles. *See United States v. Brignoni-Ponce*, 422 U.S. 873, 881 (1975); *State v. Watkins*, 827 S.W.2d 293, 294 (Tenn. 1992). In evaluating whether a police officer has a reasonable suspicion, supported by specific and articulable facts, a court must consider the totality of the circumstances. *Binette,* 33 S.W.3d at 218. Additionally, the court must consider any rational inferences and deductions that a trained officer may draw from those circumstances. *Id.* Objective standards apply rather than the subjective beliefs of the officers making the stop. *State v. Norwood*, 938 S.W.2d 23, 25 (Tenn. Crim. App. 1996).

A police officer's actions after conducting an investigatory stop must reasonably relate to the circumstances which justified the stop in the first place. *See Terry*, 392 U.S. at 20. The detention "must be temporary and last no longer than is necessary to effectuate the purpose of the stop." *Florida v. Royer*, 460 U.S. 491, 500 (1983). Moreover, the officer should employ the least intrusive means reasonably available to investigate his or her suspicions in a short period of time. *Id*. In determining the reasonableness of the detention, the proper inquiry is whether, during the detention, the officer diligently pursued a means of investigation that was likely to confirm or dispel his or her suspicions quickly. *United States v. Sharpe*, 470 U.S. 675, 686 (1985). "If the time, manner or scope of the investigation exceeds the proper parameters," a constitutionally permissible stop may be transformed into an impermissible stop. *State v. Troxell*, 78 S.W.3d 866, 871 (Tenn. 2002). If the officer develops a reasonable suspicion that the occupant is engaged in other criminal activity during a valid stop, further detention is justified. *State v. Branden Haney and Lawrence Davis*, No. E2002-00559-CCA-R3-CD, 2003 WL 22169708, at *5 (Tenn. Crim. App., at Knoxville, Sept. 19, 2003). The reviewing court considers the totality of the circumstances to determine whether police officers had reasonable suspicion to expand the scope of a traffic stop. *United States v. Arvizu*, 534 U.S. 266, 273 (2002).

The Defendant does not challenge the propriety of the initial traffic stop of the vehicle in which he was a passenger; rather, the Defendant argues that Sergeant Schultz violated his constitutional rights by asking if he had identification. To support his argument, the Defendant cites *Johnson v. State*, 601 S.W.2d 326 (Tenn. Crim. App. 1980). In *Johnson*, a police officer stopped a motor vehicle for a misdemeanor traffic offense. The driver voluntarily exited the vehicle and spoke with the police officer near the patrol car. *Id*. at 327. The officer then approached the stopped vehicle to "check the passengers." *Id*. The appellate court in *Johnson* found that the police officer provided no explanation as to why he went over to the vehicle to check out the passengers other than curiosity. *Id*. at 329. The Court stated

the following: "The narrow question we face is whether a police officer, after having stopped a motor vehicle for a traffic violation, has the right to 'check the passengers' who happen to be in the vehicle, nothing else appearing amiss. We hold that officers have no such right." *Id*. at 328.

Turning to the facts of this case, it is clear that Sergeant Schultz had reasonable justification to stop the vehicle due to the display of the altered tag. A police officer may make a traffic stop if she has probable cause or reasonable suspicion to believe a traffic violation has occurred. *State v. Vineyard*, 958 S.W.2d 730, 734 (Tenn. 1997). Additionally, a traffic stop subjects the passengers, as well as the driver, to a seizure. *Brendlin v. California,* 551 U.S. 249 (2007). However, the issue presented in this case involves the remainder of the encounter; that is, whether Sergeant Schultz's actions during the course of the stop were reasonably related in scope to the circumstances that initially justified the stop. *Royer*, 460 U.S. at 500.

The facts in the *Johnson* decision are distinguishable from the facts in this case. Unlike the police officer in *Johnson*, Sergeant Schultz witnessed the Defendant make furtive movements as she pulled the vehicle over. These movements aroused Sergeant Schultz's suspicion that something was amiss, so she decided to seek the identification of the passengers and conduct a warrant check. Also, we note that the United States Supreme Court has held that a police officer does not need reasonable suspicion to ask a citizen being lawfully detained for the citizen's name. *Muehler v. Mena*, 544 U.S. 93, 101 (2005) (noting that mere police questioning does not constitute a seizure); *see also Daniel*, 12 S.W.3d at 425. Officer Schultz testified that, after she asked the Defendant if he had identification, he handed her his identification, she wrote down his name and birth date, and she returned the license. Considering the facts of this case, we fail to see how Officer Schultz's limited inquiry into the identification of the passengers while in the process of citing the driver for an altered tag rendered the traffic stop unreasonable. Accordingly, we conclude the trial court did not abuse its discretion by denying the Defendant's motion to suppress. The Defendant is not entitled to relief on this issue.

### III. Conclusion

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE